■ In the Matter of VAS CHRISTOFF, Respondent, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Appellant.— Order reversed, without costs and petition dismissed, without costs. Memorandum: The Commissioner of Motor Vehicles revoked petitioner's operator's license for three speeding convictions within 18 months. The third conviction resulted from an arrest by a State Trooper and a plea of guilty by petitioner on form TB-10 sent to the Justice of the Peace by mail. Special Term annulled the determination of the commissioner on the ground that "the petitioner being charged with a second or subsequent speeding violation committed within a period of eighteen months, he could be convicted only on a plea put in by the defendant himself in open court". In essence the Special Term held that the conviction could be attacked collaterally in an article 78 proceeding by reason of failure to comply with section 335 of the Code of Criminal Procedure which provides that in the areas to which the section applies the petitioner could not waive a personal appearance by himself and therefore could not plead guilty by mail. It is clear that section 335 so provides as to second or subsequent violations of enumerated types. While we agree that a collateral attack may be made in an article 78 proceeding for failure to comply with section 335-a (*Matter of Arcuri* v. *Macduff*, 286 App. Div. 17), we believe that it is now settled that failure to comply with section 335 may not be challenged in such a manner. A recent decision, *Matter of Banks* v. *Kelly* (6 A D 2d 512) passed directly upon the question before us. In that case a plea had been made by telephone rather than by mail as in the case at bar. There the court said (p. 514) : "Apart from being satisfied that compliance has been had with the aforesaid statutes [§ 335-a], the commissioner under the circumstances of this case was not required * * * to make an independent investigation of each conviction. If the petitioner desired to test the validity of the conviction on any other grounds, his remedy was by a *coram nobis* proceeding". This court in *Matter of Woodard* v. *Macduff* (5 A D 2d 26) made this point abundantly clear as have several other decisions. (See *Matter of Gross* v. *Macduff*, 284 App. Div. 786; *Matter of La Victoire* v. *Kelly*, 5 A D 2d 548, 552; *Matter of Goodfellow* v. *Kelly*, 6 A D 2d 962.) All concur. (Appeal from an order of Monroe Special Term setting aside the order of the Commissioner of Motor Vehicles which revoked petitioner's operator's license.) Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ.