Bert B. Lockwood, J.
This is an article 78 proceeding directed against the Commissioner of Motor Yehicles for an order setting aside the mandatory revocation of the petitioner’s operator’s license consequent upon three convictions for speeding within a period of 18 months, pursuant to section 71 (subd. 2, par. [c]) of the Vehicle and Traffic Law.
*164 . The petition sets forth the contentions of the petitioner as to what transpired in connection with each conviction. Attached to the petition are affidavits from the Justices of the Peace in connection with the first and third convictions. It appears no question is being raised as to the second conviction.
Regarding the first conviction, the petitioner claims he proceeded to the office of the Justice of the Peace and met the Justice on the steps leading to his office. He claims the matter was disposed of immediately by the Justice who advised him there was a $10 fine, sentence suspended. Petitioner claims no information was read to him, no advice was given him by the Justice regarding his rights and no notation was made on the back of his license. The petitioner further claims he was unaware at the time he had been convicted of any traffic violation. It is significant, however, that the petitioner does not deny a traffic ticket was given him setting forth the instructions required by section 335-a of the Code of Criminal Procedure.
The affidavit of the Justice of the Peace before whom the petitioner appeared in connection with the first conviction specificially states the petitioner admitted receiving a traffic ticket for speeding and that the said traffic ticket contained the statutory wording and requirements of section 335-a.
Under the statute, the Commissioner has neither the power nor the duty to go behind the conviction certified to him and to inquire into, or pass upon, the validity of the conviction. (Matter of Hickey v. Kelly, 9 A D 2d 386 [4th Dept.].) Apart from being satisfied that compliance had been had with section 335-a of the Code of Criminal Procedure, the Commissioner, under the circumstances of this case, was not required to make an independent investigation of each conviction. If the petitioner desired to test the validity of any of the convictions on any ground other than section 335-a, his remedy was by a coram nobis proceeding. A collateral attack, however, may be made in an article 78 proceeding for failure to comply with section 335-a of the Code of Criminal Procedure. (Matter of Christoff v. Kelly, 8 AD 2d 687 [4th Dept.].)
Each of three certificates of conviction in question certifies in substance compliance with section 335-a. Upon the oral argument, the Attorney-General advised the court that the petitioner was given a uniform traffic ticket on each occasion and that the instructions required by section 335-a were printed upon each of the three tickets issued to the petitioner. This statement of the Attorney-General was not at the time and has not since been denied by the attorneys for the petitioner. The court must therefore conclude that the petitioner was *165 properly instructed pursuant to section 335-a of the Code of Criminal Procedure in connection with the first conviction.
In connection with the third conviction, the petitioner claims he was never given a traffic ticket nor was he at any time informed or instructed as required by section 335-a of the Code of Criminal Procedure. However, the affidavit of the Justice attached to the moving papers states that the petitioner was given a traffic ticket and nowhere in the Justice’s affidavit does he refute the fact, ceritfied to in his certificate of conviction filed with the Motor Vehicle Commissioner, that petitioner was instructed pursuant to section 335-a of the Code of Criminal Procedure. The court, therefore, concludes the petitioner, upon the third conviction was instructed pursuant to section 335-a. In connection with the third conviction, the petitioner also claims the Justice did not at any time inform him that if he pleaded guilty to the third conviction, his license must be revoked as required by law where one is convicted of speeding a third time within an 18-month period. The Justice’s affidavit sets forth there was only one previous conviction marked on the petitioner’s license and the Justice was not aware the conviction to which the petitioner pled guilty before him, was the third conviction. Petitioner alone knew what had transpired in connection with the first speeding offense and he is chargeable with the legal effect thereof. (Matter of Banks v. Kelly, 6 A D 2d 512.)
There is, therefore, no factual issue to be tried in regard to any of the three convictions. The petition is dismissed on the merits and the order temporarily staying the respondent from enforcing the order of revocation is vacated.