## Stout Motor Vehicle Operator License Case.

Argued June 11, 1962.  Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Michael A. Foley,* with him *George T. Steeley,* for
appellant.

*Elmer T. Bolla,* Deputy Attorney General, with him *David Stahl,* Attorney General, for Commonwealth, appellee.

OPINION BY ERVIN, J., September 13, 1962:

This is an appeal by George C. C. Stout from an order of suspension of his license to operate a motor vehicle. The Secretary of Revenue suspended the license for a period of five months, after hearing, in accordance with §618(e) of The Vehicle Code of 1959, P. L. 58, 75 PS §618(e), which is as follows: "The secretary is hereby authorized after a hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, to suspend the operator's license or learner's permit of any person licensed in this Commonwealth, upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator." An appeal was taken by the appellant to the Court of Common Pleas No. 5 of Philadelphia County and, after hearing, that court dismissed the appeal and sustained the order of suspension as entered by the Secretary of Revenue.

Counsel for appellant first argues that the notice of conviction was improperly admitted into evidence by the court below. This contention is made because the magistrate's report contained no signature of a New Jersey official. The document was a printed form which contained the following: "NEW JERSEY DIVISION OF MOTOR VEHICLES MAGISTRATE'S REPORT—DISPOSITION OF TRAFFIC VIOLATION". It contains information which indicates that George Stout of 1617 Filbert Street, Philadelphia, Pennsylvania, was arrested by State Policeman G. W. Dix on October 16, 1960 at 10:17 a.m. on U. S. Route 322 in the Township of Hamilton, for operating a motor vehicle at 62 miles per hour in a 50

miles per hour zone. It further gives the date of birth of George Stout as 11-92 and his driver license number as 4770461, Pa. It further indicates that he was driving a passenger type vehicle and that the Pennsylvania registration number was 756FH. It gives the summons number of A318112 and indicates that there was a plea of guilty on December 9, 1960 and a fine of $11.00 paid. It gives the name of the court as Hamilton Township and the name of the judge as Milton J. Schusler, and the post office address is Mays Landing, New Jersey, Atlantic County. The document was not signed by any New Jersey state officer except that the name of the judge was typewritten thereon.

It is true that in the case of *Com. v. Gross,* 193 Pa. Superior Ct. 46, 49, 163 A. 2d 682, it was said by Judge WOODSIDE: "It is not necessary that each of the forms be signed. It is sufficient that the letter which refers to the other documents contains the signature of the New Jersey official."

In *Witsch Motor Vehicle Operator License Case,* 194 Pa. Superior Ct. 384, 387, 168 A. 2d 772, Judge WOODSIDE, speaking for our Court, said: "At the hearing, the Commonwealth introduced into evidence, as an exhibit, the notice of conviction which it had received. This exhibit consisted of two printed forms, one an arrest report by a policeman and the other a conviction report by a magistrate. These documents indicate that John Frederick Witsch, of 1209 Wakefield Road, Doylestown, Pennsylvania, was arrested for speeding at 65 miles per hour in a 45 mile per hour speed limit zone at 4:55 A.M. on December 10, 1959, at a specific location in the State of Delaware, and that he pleaded guilty before Magistrate Frank J. Corello, Jr. and was fined $35, which he paid along with $4.50 costs. The one document was designated by its printed form as a Traffic Arrest Report, Delaware Memorial Bridge Police. The other document indicates that it

is a report designed to be made to the Motor Vehicle Commission, Dover, Delaware, by the court (in this case a magistrate), and is identifiable as the disposition of the particular arrest by the corresponding number with the arrest report, the name and address of the person arrested, the arresting officer and the trial date. These two papers are stamped on the back 'Received Dec. 15, 1959, Driv. Imp. Div.'

"The two documents constitute sufficient 'notice of the conviction of [the appellee] in another state of an offense therein, which, if committed in this Commonwealth, would be grounds for suspension.' It is an official notice in that it is the report of the magistrate who imposed the fine and the policeman who made the arrest."

In the *Witsch* case Judge WOODSIDE also pointed out that the legislature required only a notice of conviction from the other state. We now add that there was no requirement that this notice be in any particular form nor that it be certified or signed by any officer of the other state.

The court below found that "On December 9, 1960, the Pennsylvania Department of Revenue received a report of conviction of the appellant for speeding from Ned J. Parsekian, Acting Director of the New Jersey Department of Motor Vehicles, which report was not signed by any New Jersey official." This finding was based upon a certificate of the Secretary of Revenue and under the seal of that department, stating that the report was received from Ned J. Parsekian, Acting Director, Department of Motor Vehicles, Trenton, New Jersey.

Section 1224 of The Vehicle Code, 75 PS §1224, provides as follows: "Any certified copies, or certified photostatic copies, of any records, books, papers, documents, and rulings of the secretary, when certified under the seal of the department by its duly authorized

agent, shall be acceptable as evidence in the courts of this Commonwealth with the same force and effect as the originals, in all cases where such original records, books, papers, documents, and rulings would be admitted in evidence."

This evidence was sufficient to justify the finding of the court below that a notice of conviction had been received from the New Jersey Division of Motor Vehicles.

Counsel for appellant also argues that the Secretary of Revenue had no authority to promulgate a schedule of penalties to be imposed upon violators of The Vehicle Code. It is true that in *Witsch Motor Vehicle Operator License Case,* supra, at page 386, Judge WOODSIDE said: "Evidence of the circumstances of the violation is admissible before the secretary to aid him in determining the length of the suspension." The portion of the schedule of penalties applicable to speed is as follows:

| "SECTION OF CODE | VIOLATION | PENALTIES BY OFFENSES WITHIN THREE-YEAR PERIOD | | | | | |
|---|---|---|---|---|---|---|---|
| | | 1st | 2nd | 3rd | 4th | 5th | 6th |
| 1002(b)(1) | | | | | | | |
| 1002(b)(2) | | | | | | | |
| 1002(b)(4) | Speeding—when | | | | | | |
| 1002(b)(5) | speeding is in | | | | | | |
| 1002(b)(6) | excess of the legal | | | | | | |
| 1002(b)(7) | limit & speed is 50 | | | | | | |
| 1002(c) | mph or more | | | | | | |
| | *Speed Over Legal Limit* | | | | | | |
| | 5 to 10 | *W | 1 mo | 2 mo | 3 mo | 5 mo | 7 mo |
| | 11 to 20 | 1 mo | 2 mo | 3 mo | 5 mo | 7 mo | 9 mo |
| | 21 to 30 | 2 mo | 3 mo | 5 mo | 7 mo | 9 mo | 11 mo |
| | 31 or over | 3 mo | 4 mo | 6 mo | 8 mo | 10 mo | 12 mo |

\* LETTER OF WARNING"

It is argued that the secretary failed to exercise any discretion in relation to the facts and circumstances of

this particular violation. It will be noticed that the above regulation does not apply the same penalty for all speeding violations. On the contrary, it takes into consideration the various speeds in excess of the legal limit and also the number of violations for prior offenses within a three-year period. It seems to us that a wide discretion is exercised by the secretary under the above schedule, which covers a great number of circumstances related to the various violations set forth therein. From a justice standpoint it is much better to have uniformity than a great variety of penalties applicable to cases involving the same set of circumstances. Such a schedule will prevent favoritism and will cause all violators to be treated alike. This will promote respect for law enforcement. It must be noted that the legislature did not specifically provide any periods of suspension but permitted the secretary to exercise his discretion. We believe that he has exercised a wise discretion in promulgating the schedule of penalties above referred to.

In *Anen Motor Vehicle Operator License Case,* 194 Pa. Superior Ct. 379, 169 A. 2d 600, we said: "A schedule of the periods of suspensions was adopted by the Secretary and filed in the office of the Department of State according to the provisions of §21 of the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 P.S. §1710-21."

We are not impressed by the argument that the schedule is not a regulation. Under the Administrative Agency Law, 71 PS §1710.2(e), it is provided: "(e) 'Regulation' means any rule, regulation or order in the nature of a rule or regulation, of general application and future effect, promulgated by an agency under statutory authority in the administration of any statute administered by or relating to the agency, or prescribing the practice or procedure before such agency." Agency, under the definitions of the Administra-

tive Agency Law, includes a department, such as the Department of Revenue.

Counsel for appellant also argues that there was no "conviction" in New Jersey of an offense which, if committed in Pennsylvania, would have been grounds for suspension of appellant's operator's license. He contends that because he did not appear at a hearing in that state, there was no conviction. He admitted, however, in his testimony that he turned in his arrest ticket and paid a fine to the Clerk of the Court, his check having been drawn to the order of Milton J. Schusler, Mun. Magistrate. On cross-examination he admitted that he did this rather than to go to the trouble and expense of a hearing. In *Com. v. Halteman,* 192 Pa. Superior Ct. 379, 162 A. 2d 251, we held that where the appellant admitted he paid a fine, that constituted an admission of conviction. The payment of the fine and costs is tantamount to an admission of conviction: *Hall Motor Vehicle Operator License Case,* 196 Pa. Superior Ct. 346, 175 A. 2d 534. It has been held in numerous states that a forfeiture of bail is equivalent to a conviction: *Fox v. Scheidt* (N.C.), 84 S.E. 2d 259; *Lamb v. Butler* (Va.), 95 S.E. 2d 239; *Lamb v. Smith* (Va.), 195 Va. 1053, 81 S.E. 2d 768; *Application of Fink,* 205 N.Y.S. 2d 256.

The payment of the fine and costs amounted to a waiver of a hearing and a plea of guilty.

The record in this case reveals that the appellant had numerous arrests and convictions for speeding and traffic violations between February 1, 1958 and the time of his hearing. The penalty imposed in the present case was a lenient one.

Order affirmed.