## Jones License

*Anthony D'Onofrio*, for appellant.

*P. Richard Klein*, for Commonwealth.

GAWTHROP, P. J., September 17, 1968. — Larry Elliot Jones has appealed from the order of the Secretary of Revenue suspending for 120 days his operator's license under the provisions of section 619.1 (b), (i) and (k) of The Vehicle Code of April 29, 1959, P. L. 58, section 619.1, added 1966, P. L. (1965) 1497, section 2; 75 PS §619.1 (b), (i) and (k), and after hearing thereon the case is before us for decision. The secretary's order must be sustained.

At hearing the Commonwealth offered in evidence the following documents under the seal of Commonwealth Department of Revenue, signed by the Commissioner of Traffic Safety:

(1) Certification of conviction report of motor vehicle violation of March 18, 1967.

(2) Certification of conviction report of motor vehicle violation of February 15, 1968.

(3) Certification of conviction report of motor vehicle violation of February 16, 1968.

(4) Certification of appellant's point card as it appears in the files of the department's Bureau of Traffic Safety.

(5) Certification of Pennsylvania State Police Traffic Arrest Report dated February 15, 1968, as it appears in the bureau's files.

(6) Certification of withdrawal of motor vehicle privileges dated July 3, 1968, as the same appears in the files of the Bureau of Traffic Safety, showing (1) assignment to appellant's operator's record of six points as of date of conviction for the conviction dated March 19, 1967, (2) a total point accumulation of 13 points, (3) a mandatory 60 days suspension under

section 619.1 (b) of the code for conviction of speeding 90 miles per hour in a 55 miles per hour zone, (4) a suspension of 60 days under section 619.1 (i) and (k) of the code for accumulation of at least 11 points, and providing that said suspensions should run consecutively.

Appellant's counsel strenuously objected to admission in evidence of these documents on the grounds that (1) the magistrates who made the conviction reports to the secretary failed to do so by the tenth day of the month following the convictions as required by section 1209 of the code, 75 PS §1209; (2) that the reports of conviction are not properly authenticated; and (3) the reports are not certified or sealed by the magistrates.

Section 619.1 of the code, supra, requires the secretary to establish and maintain a record of convictions of licensees, to enter thereon records of all convictions for any violations of the motor vehicle laws, and to assign to the records of all persons convicted of such offenses a prescribed number of points for each conviction, and in addition to impose mandatory suspensions of operating privileges for various speeds in excess of the legal speed limit as well as for an accumulation of 11 points or more. Section 1209 (a), supra, requires magistrates to make a monthly report to the Department of Revenue, " . . . not later than the tenth day of the following month, of the disposition of every case where a notice charging a violation . . ." of the code has been sent to any person, or where a person has been arrested on view, or with a warrant, charging a violation of the code. Failure to make such reports is made a misdemeanor in office punishable by fine, or imprisonment, or both.

The documents offered all bear the seal of the Department of Revenue and the signature of the Commissioner of Traffic Safety in the Department. Each

certificate of conviction certifies as to the copy of the conviction report attached that "the original copy of which with seal attached is in the files of the Bureau of Traffic Safety, Harrisburg, Pennsylvania". Attached thereto in each instance is a photostat or duplicating machine copy of the report showing the signature of the magistrate. Copies of letters from the bureau to the respective magistrates, dated long after the tenth day of the month following the respective convictions, are attached to each thereof requesting the magistrates to file the reports mandated by section 1209, supra, on the forms prescribed by the secretary. It is apparent that each report was filed after those letters were received by the magistrates. None of the reports bears the word "certified" as requested by the bureau's letters.

Section 1224 of the code, 75 PS §1224, provides: "Any certified copies, or certified photostatic copies, of any records, books, papers, documents and rulings of the secretary, when certified under the seal of the department by its duly authorized agent, shall be acceptable as evidence in the courts of this Commonwealth with the same force and effect as the originals, in all cases where such original records, books, papers, documents and rulings would be admitted in evidence". Clearly the original records of the secretary would have been admissible if the records of convictions were in proper form: Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359.

In our view the records of convictions were in proper form. Nor have we any doubt of admissibility of the certificate of appellant's point card and of the order of suspension. The State Police Arrest Report is no part of the conviction record and thus is inadmissible under section 619.1 as construed in Virnelson.

Considering the grounds of objection to this evidence, it seems clear under section 619.1 and Virnel-

son, supra, that the secretary's certifications qualify the documents, except the arrest report, for admission in evidence under section 1224 of the code. The secretary certified that each report of conviction filed in his office bore the official seal of the magistrate. The attached photostat of each obviously bears the magistrate's signature. As a matter of law the reports were certified to the secretary on the prescribed departmental form, whether or not the word "certified" appears on them. Webster's International Dictionary defines the verb "certify" as follows: "To endorse authoritatively as being of the standard quality, qualification, etc. . . . required": Pottsville Referendum Case, 363 Pa. 460, 470. Consequently the reports were properly authenticated to him, being signed and sealed by the magistrates, and were in proper form. Thus they are admissible unless barred by the terms of section 1209: cf. Stout Motor Vehicle Operator License Case, 199 Pa. Superior Ct. 182.

The attack made on the secretary's certifications because of the magistrates' failure to file timely under section 1209 of the code is not persuasive. The obvious purpose of section 1209 is to furnish the secretary with the facts of the institution and disposition of proceedings against violators of the motor vehicle laws. The express and avowed purpose of section 619.1 is to enable the secretary, with the aid of information supplied by such reports, to "administer a system for driver education, testing and suspension". The legislative intent of these two sections of the code, operating together, is to promote the public safety, inter alia, by suspending the operating privileges of repetitive violators. The fact that the magistrates failed to comply with the provisions of section 1209 by late filing of conviction reports is no reason for defeating the purpose of section 619.1 by denying the secretary the right to accept the information they contain and to

act upon it as mandated in the interest of the public safety. So far as use of the reports in conjunction with the provisions of section 619.1 is concerned, the time limitation for their filing under section 1209 is directory at most. The secretary is required under section 619.1 (b) to "maintain a record of convictions of every person licensed . . . " under the provisions of the code, and to "enter therein records of all convictions of such persons for any violation of the motor vehicle laws . . . " and to "assign to the record of such person . . . a number of points for each such conviction . . . ". Thus the legislative intent is clear that without regard to the time limitation fixed by section 1209 the secretary should and here properly did record, make use of, and assign points based on the conviction reports in question. As a result his certificates here offered in evidence, except the arrest report, are admissible and they are therefore admitted in evidence.

Appellant offered no evidence in support of his appeal to overcome the prima facie case established by the documents submitted by the Commonwealth: Virnelson, supra. Consequently the order of the Secretary of Revenue suspending appellant's operating privileges is affirmed and the appeal is dismissed.