## Commonwealth *v.* James.

Argued September 12, 1972, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Donald L. Faulkner,* with him *Lugg & Snowiss,* for appellee.

OPINION BY JUDGE MENCER, November 10, 1972:

The Commonwealth has appealed from an order of the Court of Common Pleas of Centre County sustaining the appeal of Robert D. James (James) from the Secretary of Transportation's suspension of his operator's license.

The Secretary notified James that three points had been assigned to his record because of a violation of Section 1004 of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1004, and, since this brought his total point accumulation to eleven points, that his operator's license was suspended for 60 days as mandated by Section 619.1, sub-sections (i) and (k), 75 P.S. §619.1(i) and (k).

James's appeal was sustained by the lower court because "the defendant never paid the fine and costs nor authorized it to be done . . . there never was a conviction" for the Section 1004 violation. The court then "venture[d] into virgin territory. Since there was no conviction, the defendant deserves a hearing on the merits. Rather than refer the matter back to the magistrate, we believe, in the interests of justice, that this court should proceed with a hearing de novo. The commonwealth consented to and agreed with the court's suggestion. From an extensive evidentiary hearing, we find that the facts do not warrant a conviction and we find the defendant not guilty . . . ." The court then reversed the Secretary's order and set aside James's suspension.

The recorded facts subsequent to the Section 1004 violation, which occurred on January 6, 1971, are somewhat incomplete because no testimony was received from the District Justice involved. James contends that after he received an information from the Justice, he called that official (in late January) and requested a hearing on the charge, that the Justice advised him that he would consult with the arresting officer and notify James when a hearing was scheduled, that, after several weeks passed, he (James) again called the Justice and was informed that he would receive notification from the Justice when a date was set.

James denies ever seeing a letter, dated January 27, 1971, from the Justice to him which reads: "This letter is in regards to your traffic violation of failure to drive on [the] right side of the highway. The fine and costs of $15.00 were due on the 18th day of January, 1971. If payment is not received by the 2nd day of February, 1971, a warrant of arrest will be issued."

Then, over four months after the Section 1004 violation, sometime in mid-May, a Pennsylvania State

Trooper called at James's home with a bench warrant, dated February 26, 1971, for his arrest. James, being a truck driver, was away at the time, but his wife paid the fine and costs from her personal checking account. She testified that the Trooper gave her the impression that her failure to pay the fine and costs immediately would result in further fines and sanctions. James allegedly did not learn of this payment until three days later. Thinking himself innocent of the charge, he had intended to take the matter "to Court if necessary," but did not contact the District Justice or appeal to the Court of Common Pleas because "I didn't know there was anything at all I could do about it. I believed, like everybody else, that once the fine was paid, there wasn't anything to be done about it." After receiving the Secretary's suspension notice in late July, 1971, James appealed to the lower court pursuant to Section 620 of the Code, 75 P.S. §620.

The lower court correctly noted that where the operator pays the fine and costs this amounts to a waiver of a hearing and a plea of guilty and is tantamount to an admission of conviction. *Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960); *Stout Motor Vehicle Operator License Case,* 199 Pa. Superior Ct. 182, 184 A. 2d 108 (1962).

The lower court also correctly noted that, under Section 620, *in a point system case,* James was limited to showing that (1) he was not convicted, or that (2) the records or computations of the Secretary are incorrect, the issue being whether the operator *was* convicted and not whether he *should have been* convicted. *Virnelson Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968); *Nyman Motor Vehicle Operator License Case,* 218 Pa. Superior Ct. 221, 275 A. 2d 836 (1971). If the court should find a conviction did occur, or the records or computa-

tions of the Secretary are correct, then the Secretary's action should stand. On the other hand, if the court should find no conviction occurred (as the court did here) or the records of computations of the Secretary are incorrect, then the Secretary's action should be set aside without further inquiry. Therefore, it was proper for the lower court to hold a hearing to determine whether James *was* convicted, but it was improper for the court to look into the facts of the violation to determine whether James *should have been* convicted, even though no hearing had been held before the District Justice.

As a result, we must agree with the Commonwealth's contention that James's summary conviction, which arose from a criminal proceeding, was improperly attacked in the suspension appeal, which is civil in nature. Whether or not a conviction occurred when Mrs. James paid the fine and costs without her husband's consent should have been determined by an appeal within ten days of conviction to the common pleas court pursuant to Section 3 of the Act of December 2, 1968, P. L.    , No. 355, 42 P.S. §3003. James learned of his wife's action within three days and could have appealed accordingly. Instead he did nothing until the Secretary's license suspension notice arrived two months later. To allow him to collaterally attack the validity of the conviction in a later civil proceeding was clearly in error.

We do not say that the unauthorized payment of fine and costs by a person other than the licensee unqualifiedly constitutes a conviction of the violation charged. We simply say that this should be determined at the proper time in the proper proceeding. It would be incorrect to interpret the words of *Virnelson* ("[i]f the defendant wishes he may then proceed to show that he was not convicted") to mean that the defendant may

498

raise questions, such as authorization of payment, which could have been raised earlier. Those that could and should have been raised in a timely appeal from the conviction cannot be raised later in a Section 620 appeal.

Thus we interpret *Virnelson* as restricting review of the conviction to very basic questions, such as whether *this*, rather than some other, defendant was convicted.

James having squandered his time to appeal directly from his conviction, it was improper for the lower court to consider the question of authorization of payment.

The order of the Court of Common Pleas of Centre County is reversed and the order of the Secretary of Transportation is reinstated.