Schaefer, Jr. *v.* Commonwealth.

Argued April 6, 1973, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General,

*Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Joseph W. Atkinson,* with him *Silver, Lovitz & Atkinson,* for appellee.

OPINION BY JUDGE MENCER, May 11, 1973:

On July 4, 1971, Adolph O. Schaefer, Jr. (Schaefer), was apprehended by an officer of the Lower Merion Township Police Department and given a citation for operating his motor vehicle at a rate of 58 m.p.h. in a 35 m.p.h. zone, a violation of §1002(b)(4) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(4).

Schaefer alleges that he heard nothing after receiving the citation until approximately four months later when he received notice of a hearing before the Bureau of Traffic Safety. At that hearing he was informed that he had paid the fine and costs for the violation on July 27, 1971. Schaefer denied that he or anyone on his behalf paid the fine and thereafter contacted the District Justice who was supposed to have received his payment of the fine. He was told that if the reverse side of the citation indicated that the fine had been paid then the matter was settled.

Meanwhile, having received a report of this conviction from the District Justice, the Secretary of Transportation, under §619.1(a) of the Code, 75 P.S. §619.1 (a), assigned 6 points to Schaefer's record and imposed a mandatory suspension of his operator's license for 30 days. Schaefer appealed to the Court of Common Pleas of Delaware County which, after a hearing, sustained the appeal. This appeal by the Commonwealth followed.

The Commonwealth bases its appeal on our recent decision in *Commonwealth v. Siedlecki,* 7 Pa. Commonwealth Ct. 130, 300 A. 2d 287 (1973), where we said:

"Secondly, the Commonwealth is not required to prove who actually paid the fine and costs. The lower court therefore was in error in this point system case in shifting that burden to the Commonwealth to go forward with proof beyond the records of convictions received by the Department of Transportation and the record of these convictions kept by the Secretary. Once the Commonwealth had submitted such proof, it had made out a prima facie case, and it was then incumbent upon Siedlecki to prove that (1) he was not convicted, or that (2) the records or computations of the Secretary were incorrect, the issue being whether the operator *was* convicted and not whether he *should have been* convicted. Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968).[1]

"Since miscomputation of points is not averred here, what we recently said in Commonwealth v. James, 6 Pa. Commonwealth Ct. 493, 498, 296 A. 2d 530, 532 (1972), is applicable: '[W]e interpret Virnelson ["If the defendant wishes he may then proceed to show that he was not convicted. . . ."] as restricting review of

---

[1] *Virnelson* states the following: "However, in determining 'whether the petitioner is subject to suspension,' the lower court will merely determine whether there has been a compliance with section 619.1. At the hearing before the lower court the Commonwealth should produce the records of convictions received by the Department of Revenue from the magistrates and courts of record in the proper form, and the secretary's records compiled therefrom which justified the suspension. If these documents show that the suspension was given in accordance with the mandate of section 619.1, the Commonwealth has produced a prima facie case for suspension. If the defendant wishes he may then proceed to show that he was not convicted or that the records or the computation of the secretary are incorrect. He may not go into the facts of his violation or mitigating circumstances thereof because the issue is whether he was convicted and not whether he should have been convicted." 212 Pa. Superior Ct. at 368, 243 A. 2d at 469.

the conviction to very basic questions, such as whether *this*, rather than some other, defendant was convicted.'

"To rebut the prima facie case of the Commonwealth, the operator must prove by competent and convincing evidence that *he* was not convicted. For example, he must prove that someone else, perhaps with a similar name, was convicted, or that he in fact was not the one convicted of the offense for which the Secretary assessed points." *Id.* at 133-34, 300 A. 2d 289-90.

The Commonwealth chiefly relies on the first sentence quoted above, i.e., the Commonwealth is not required to prove who actually paid the fine and costs (as discussed below, this is true *initially*), and on the contention that Schaefer's testimonial denial, without further evidence, that he nor anyone authorized by him paid the fine and costs, does not constitute sufficient testimony to rebut the Commonwealth's prima facie case.

The *Siedlecki* case itself is distinguishable from the instant case because Siedlecki never personally testified that he did not receive a citation or "that if the fine and costs were paid, they were not paid by him." We concluded that he had not established a sufficient defense to the Commonwealth's prima facie case. Here, although Schaefer admits he received a citation, he personally averred most strenuously, before the hearing examiner and the lower court, that he never received notice of a hearing before the District Justice, never appeared before the District Justice, never paid the fine and costs, and never authorized anyone to pay on his behalf. In any event, we must conclude that Schaefer complied with *Siedlecki* because he proved "that he in fact was not the one convicted of the offense for which the Secretary assessed points." *Id.* at 134, 300 A. 2d at 290.

Judge JACOBS of the Superior Court in *Virnelson Motor Vehicle Operator License Case, supra,* was the first to explain how an appeal to the Court of Common Pleas under Code §620 was to proceed, as quoted in footnote 1, *supra.*

Therefore, at the hearing before the lower court, the Commonwealth should produce the records of convictions received by the Department of Transportation from the District Justices or magistrates and courts of record in the proper form, and the Secretary of Transportation's records compiled therefrom, which justified the suspension. If these documents show that the suspension was given in accordance with the mandate of §619.1, the Commonwealth has produced a prima facie case for suspension. If the defendant wishes, he may then proceed to prove by a preponderance of evidence[2] that he was not convicted or that the records or the computations of the Secretary are incorrect. He may not go into the facts of his violation or mitigating circumstances thereof because the issue is whether he was convicted and not whether he should have been convicted. On appeal to this Court, we are to determine whether the findings of the lower court are sufficiently supported by competent evidence, and we are to correct conclusions of law erroneously made. *Commonwealth v. Buffin,* 2 Pa. Commonwealth Ct. 404, 278 A. 2d 366 (1971).

At the hearing before the lower court, the Commonwealth submitted the proper records and also submitted testimony by the arresting officer, all of which created a prima facie case. Schaefer, however, rebutted with parol evidence (his own testimony) that he neither paid nor authorized payment of the fine and costs. The matter was then in the hands of the judge.

---

[2] *See* 6 *Standard Pennsylvania Practice* 252-55 (1960).

It was his conclusion that the Commonwealth had not met its burden of proof and had not proven that Schaefer had paid a fine or had been convicted before the District Justice. We have carefully reviewed the record and are satisfied that the evidence is sufficient to support the trial judge's conclusion.

Order affirmed.