## Peters License

*William G. Malkames,* for appellant.

*Maurice Levin,* for Pennsylvania Department of Transportation.

WIEAND, J., May 29, 1973.—This is an appeal from an order of the Secretary of Transportation imposing a 60 day suspension upon the driving privileges of Donald L. Peters. The suspension was imposed under section 618(b)(2) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §618(b)(2), because appellant had allegedly operated his motor vehicle at a speed of 68 miles per hour on a highway zoned for 50 miles per hour pursuant to section 1002(b)(8) of the code. The facts are as follows:

## FINDINGS OF FACT

1. On May 22, 1972, at or about 5:55 a.m., appellant was operating a motor vehicle at a speed of 68 miles per hour on Interstate Route 83, Dauphin County, in the vicinity of the Harrisburg 13th Street Exit.

2. On June 16, 1972, appellant entered a plea of guilty and paid a fine for speeding, a violation of section 1002(b)(8) of The Vehicle Code.

3. In January, 1973, appellant was notified to appear for a hearing before a representative of the Department of Transportation and did so appear.

4. On March 13, 1973, the Secretary of Transportation notified appellant that his operating privileges had been suspended for a period of 60 days, effective April 17, 1973, for a violation of section 1002(b)(8) involving a speed of 68 miles per hour in a 50 miles per hour speed zone.

5. At the hearing on this appeal from the order of suspension, the Department of Transportation offered no evidence that Interstate Route 83 had been posted with speed limit signs as required by section 1002(b)(8) of The Vehicle Code.

6. The violation which is the basis for the instant suspension is the first and only violation appearing on appellant's driving record.

7. The schedule of graduated suspensions established and uniformly adhered to by the Secretary of Transportation for violations of section 1002(b)(8) of The Vehicle Code dictates a suspension of 30 days for a first offender who violates the speed limit by 13 miles per hour, but a 60 day suspension for a first offender who exceeds the limit by 18 miles per hour.

## DISCUSSION

The evidence in this case leaves no doubt, and

appellant does not deny, that he operated his motor vehicle at a speed of 68 miles per hour. It is equally clear, however, that the Department of Transportation failed to prove that the highway on which the violation occurred had been posted with signs establishing a 50 miles per hour speed limit, as required by section 1002(b)(8) of The Vehicle Code. When this deficiency was called to the attention of counsel for the department, no attempt was made to supply the missing proof. Instead, the department chose to rely on those decisions which hold that in the absence of proof that a highway has been properly posted with signs establishing a contrary speed limit, a conviction can be had under section 1002(b)(8) or a license suspension sustained if the evidence demonstrates a violation of the general speed limit of 55 miles per hour. This speed limit has been established by statute and requires no posting. See Commonwealth v. Buffin, 2 Comm. Ct. 404; Commonwealth v. Winings, 212 Pa. Superior Ct. 246; Commonwealth v. Holte, 209 Pa. Superior Ct. 498.

The foregoing decisions, when applied to the facts of this case, compel the conclusion that a suspension of appellant's operating privileges was proper. Those decisions, however, do not consider the incidental issue of which speed limit is to be used in applying the secretary's schedule of graduated suspensions to determine the length of the suspension period. In the instant case, if the Commonwealth had proved that a speed limit of 50 miles per hour had been established by proper posting, then appellant would have exceeded the same by 18 miles per hour, and the secretary's uniform schedule would require a suspension of 60 days. On the other hand, if the evidence before this court demonstrates a violation of the general speed limit of 55 miles per hour, then appellant's violation involved

an excessive speed of 13 miles per hour, and the proper period of suspension would be 30 days.

The department contends that it is required to prove no more than the commission of a speeding violation by the appellant. The period of the suspension, it is argued, is wholly discretionary with the secretary and is not subject to review or alteration by the court. Reliance is placed upon decisions of the appellate courts in Commonwealth v. Moogerman, 385 Pa. 256; Commonwealth v. Garman, 361 Pa. 643; Anen Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 379; Commonwealth v. McCartney, 2 Comm. Ct. 540.

These decisions, however, are not controlling of the facts in the instant case. The issue is not whether the court will substitute its discretion for that of the secretary and impose an altered period of suspension but whether the secretary has abused his discretion by deviating from and ignoring the schedule of suspensions which he himself has adopted for uniform application.

In this respect, we note the language of Judge Mencer, writing for the Commonwealth Court in Commonwealth v. McCartney, supra, at page 549. He there wrote: "As to the 'automatic' suspensions of the schedule of penalties, our own President Judge Bowman, while a member of the Dauphin County Court of Common Pleas, addressed himself to this problem in Commonwealth v. Shontz, 92 Dauph. 63 (1969). He first quoted the following from Stout Motor Vehicle Operator Case, 199 Pa. Superior Ct. 182, 188, 184 A. 2d 108, 110 (1962): 'From a justice standpoint it is much better to have uniformity than a great variety of penalties applicable to cases involving the same set of circumstances. . . . Such a schedule will prevent favoritism and will cause all violators to be treated alike.

This will promote respect for law enforcement. It must be noted that the legislature did not specifically provide any periods of suspension, but permitted the secretary to exercise his discretion. We believe that he has exercised a wise discretion in promulgating the schedule of penalties above referred to.'

"Then he said, 'We would add that not only does the adoption and use of a schedule "prevent favoritism and cause all violations to be treated alike," but it also affords the standard or base upon which the secretary's acts are to be tested in terms of abusing the discretion conferred upon him. If he were to ignore a schedule adopted by him in a particular case except where a rational basis and compelling reason exist for doing so (and none exists here), he would open himself to a charge of abuse of discretion. Favoritism is an abuse of discretion; adopting a schedule and applying the suspension prescribed by it are not.' 92 Dauph. at 66. We agree." See also Commonwealth v. Woods, 6 Comm. Ct. 359, 364.

Because this court hears the case de novo, it must determine whether the secretary has abused his discretion according to the facts proved during the court hearing. In the instant case, the department's evidence establishes only that appellant had violated the general speed limit of 55 miles per hour by operating his motor vehicle at a speed of 68 miles per hour. An application of the uniform schedule promulgated by the secretary to those facts demonstrates that appellant's license should have been suspended for not more than 30 days. On the facts presently before the court, therefore, we conclude that the imposition of a greater suspension by the secretary constituted an abuse of discretion. Accordingly, we will sustain the instant appeal and remand the proceedings to the secretary for redetermination of the period of suspension. See Commonwealth v. Collander, 8 Comm. Ct. 563.

## ORDER

Now, May 29, 1973, it is ordered that the appeal of Donald L. Peters be and the same is hereby sustained, the action of the Secretary of the Department of Transportation is reversed, and the case is remanded to the said secretary for redetermination of the suspension of appellant's operating privileges in a manner which is consistent with the foregoing opinion.