Commonwealth of Pennsylvania, Department of Transportation *v.* James J. Durkin, Jr., Appellant.

Argued October 9, 1975, before Judges CRUMLISH, JR., KRAMER, and WILKINSON, JR., sitting as a panel of three.

*Charles A. Shea, III*, with him *A. Richard Caputo*, and *Shea, Shea & Caputo*, for appellant.

*John L. Heaton*, Assistant Attorney General, with him *Anthony J. Maiorana*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 5, 1976:

James J. Durkin, Jr., (Durkin) appeals a decision of the Court of Common Pleas of Luzerne County, which sustained the Secretary of Transportation's thirty day suspension of his driver's license.

Durkin had been charged with violating Section 1002(b)(6) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended*, 75 P.S. §1002(b)(6) by driving

seventy-nine (79) m.p.h. in a fifty-five (55) m.p.h. zone. When his wife learned that her husband had failed to pay the traffic fine, she forwarded a check to cover the fine and costs. In due course, Durkin was notified that because of his conviction on February 2, 1973, of the violation, he was required to attend driver improvement school. Following successful completion of the driver improvement school term, Durkin was notified that pursuant to Section 619.1 (b), 75 P.S. §619.1 (b) a mandatory thirty (30) day suspension was imposed because of his speeding conviction, whereupon he requested a departmental hearing. After a series of aborted scheduled hearings[1] he appealed to the County Common Pleas Court. The suspension was affirmed and his appeal is now before us.

Durkin argues that where the certification of disposition contains no entry of the adjudication by the issuing authority, and the traffic citation issued to the licensee failed to disclose the route, location or date of the alleged violation, his suspension cannot stand.

In light of the leading point system case, *Virnelson Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 243 A.2d 464 (1968), we find this contention to be without merit. In *Virnelson,* our Superior Court said, "Although in this case the Commonwealth did not proceed in the manner we have suggested, there was only one conviction at issue and the appellee admits that she paid the fine and costs. This constitutes an admission of conviction and it would be useless to remand the case to determine an admitted fact. Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, 162 A.2d 251 (1960)."

---

1. A hearing was scheduled for March 27, 1974 but Durkin asked to have the hearing rescheduled because he was unable to attend due to business reasons. The Department twice rescheduled the departmental hearing but Durkin claims that he never received the notices since they were sent to his former address. Subsequently Durkin never received a departmental hearing.

*Virnelson, supra,* 212 Pa. Superior Ct. at 368, 243 A.2d at 470. *Virnelson* tells us that the Commonwealth may establish a conviction by means other than certified documents. *Commonwealth v. James,* 6 Pa. Commonwealth Ct. 493, 296 A.2d 530 (1972) is factually similar to Durkin's appeal. In *James, supra,* 6 Pa. Commonwealth Ct. at 496, 296 A.2d at 531, we wrote: "The lower court correctly noted that where the operator pays the fine and costs this amounts to a waiver of a hearing and a plea of guilty and is tantamount to an admission of conviction. Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, 162 A.2d 251 (1960): Stout Motor Vehicle Operator License Case, 199 Pa. Superior Ct. 182, 184 A.2d 108 (1962)." Moreover, this Court also held that the issue of whether or not a conviction occurred when Mrs. James paid the fine without her husband's consent should have been determined by an appeal of the conviction to the Court of Common Pleas and to allow Mr. James to collaterally attack the validity of the conviction in a later civil proceeding was clearly error.

In light of *James,* we believe that Durkin has waived his right to a departmental hearing.

Affirmed.