## Arnold License

*John B. Mancke,* for petitioner.
*John C. Janos,* Assistant Attorney General, for Secretary of Transportation.

WEIDNER, *J.,* June 2, 1976—This appeal is from an order of the Secretary of Transportation suspending petitioner's license for 60 days, pursuant to sections 619.1(i) and (k) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 P.S. §§619.1(i) and (k), for having accumulated 11 or more penalty points against his driving record. A hearing was held to take testimony in support of this petition from which the court makes the following

### FINDINGS OF FACT

1. Petitioner, Harry William Arnold, resides at 13 Sharon Road, Enola, Pa.
2. On October 5, 1973, petitioner was convicted

for traveling 60 miles per hour in a 45-miles-per-hour zone, for which he was assessed six points.

3. As a result of the above-mentioned conviction, petitioner was required to attend drivers' school and received a credit of one point upon successful completion of the course.

4. On February 27, 1974, petitioner was convicted of traveling 63 miles per hour in a 55-miles-per-hour zone, for which he was assessed three points.

5. On February 27, 1975, petitoner received a two-point credit for not having had a conviction of a violation of The Vehicle Code for one year.

6. On April 25, 1975, petitioner was issued a traffic violation notice for a violation of section 1011(d) of The Vehicle Code for making an improper turn.

7. The reverse side of the above-mentioned citation stated the amount of the fine and the address of the Philadelphia Traffic Court where the fine was to be sent and also contained the following instructions:

"You are entitled to a hearing. If you do NOT desire a hearing and desire to enter a plea of guilty and a waiver:

"1. Sign your name, address and operator's plate number in the space provided below.

"2 This notice must be received by the Traffic Court within EIGHT (8) CALENDAR DAYS together with a check or money order in the amount listed below.

"3. If you desire a hearing, wait for receipt of a summons by mail which will notify you of a date and time for a hearing. However, if found guilty at the hearing, costs will be assessed against you in additon to the fine.

"4. OUT OF STATE RESIDENTS who desire a hearing on this violation must appear at Philadelphia Traffic Court on the third Wednesday following the date of this violation at which time a hearing will be held."

8. Petitioner did not sign the notice but sent the amount of the fine to the Philadelphia Traffic Court, believing payment of the fine necessary in order to obtain a hearing.

9. Petitioner did not intend to plead guilty but desired a hearing on the alleged violation.

10. Upon receipt of the fine, the Philadelphia Traffic Court deemed petitioner to have pled guilty and stamped their copy of the citation with a rectangular block stamp containing the word "GUILTY," the date of June 11, 1975, the signature of the judge, and a seal.

11. The stamped notice was sent to the Pennsylvania Department of Transportation as a certified record of conviction of petitioner and, on that basis, three additional points were assessed against petitioner.

12. On June 25, 1975, petitioner was convicted for traveling 65 miles per hour in a 55-miles-per-hour zone, for which he was assessed three points.

13. As a result of the June 25, 1975, conviction, petitioner had a total of 12 penalty points against his driving record.

14. On January 20, 1976, petitioner was sent a notice that his license was suspended for 60 days as a result of having a point accumulation of 11 points or more.

15. Upon receipt of the notice of suspension, petitioner learned for the first time that he had been convicted of the improper turning violation of April 25, 1975.

16. The suspension of petitioner's license was to be effective February 24, 1976, but was reinstated on February 17, 1976, pending this appeal.

## DISCUSSION

In an appeal from a license suspension, petitioner is limited to showing either that he was not convicted or that the records or computations of the secretary are incorrect: Nyman Motor Vehicle Operator License Case, 218 Pa. Superior Ct. 221, 275 A.2d 836 (1971); Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 243 A.2d 464 (1968). Petitioner raises issues in both of these areas with respect to the citation received for making an improper turn.[1]

In refuting petitioner's contention that he was not convicted of the improper turning violation, the Commonwealth contends that payment of the fine constitutes an admission of guilt: Commonwealth v. James, 6 Pa. Commonwealth Ct. 493, 296 A.2d 530 (1972); Virnelson Motor Vehicle Operator License Case, supra. In the present case, however, petitioner was not only unaware that his payment of the fine would be considered a guilty plea by the Philadelphia Traffic Court, but was under the impression that such payment was necessary in order to secure a hearing at which to argue his innocence. This factor was not present in the James and Virnelson cases, where both licen-

---

1. Petitioner originally had also contested the June 25, 1975, conviction for speeding on the basis of a correction made to an error in recording petitioner's operator's number on the citation. However, as petitioner's request for findings of fact and conclusions of law make no reference to this issue, it is considered waived.

sees apparently realized the implications of their payment of the fine.

Nor does the case of Preston Motor Vehicle Operator License Case, 216 Pa. Superior Ct. 415, 268 A.2d 134 (1970), preclude the conclusion that petitioner was not convicted. There, the licensee was instructed to either appear for a hearing or plead guilty by returning the notice with the fine and costs. Preston paid the fine and costs accompanied by a letter protesting his innocence, but saying that it was cheaper for him to pay the fine than to attend the hearing, which was some distance from his residence. This letter demonstrates that Preston knew the consequences of his actions. In the present case, petitioner did not know he would be considered convicted, but was waiting for a hearing to be scheduled and believed payment of the fine in advance was necessary to receive a hearing.

It is also an important factor that the Philadelphia Traffic Court has designated a specific manner in which guilty pleas to motor vehicle violations should be made where no hearing is desired. The procedure to be followed involves the signing of the traffic violation notice under a printed paragraph which contains a statement that the undersigned pleads guilty and waives his right to a hearing. The licensee is then to send the notice, together with a check or money order for the fine, to the Philadelphia Traffic Court. Petitioner desired a hearing and, therefore, did not sign the notice, but, he mistakenly mailed the fine, believing that a hearing would then be scheduled. While petitioner did not exactly follow the instructions on the notice, neither did the Philadelphia Traffic Court. Having designated a specific procedure to be fol-

lowed for guilty pleas to be entered, the Philadelphia Traffic Court cannot now disregard them in accepting pleas.

Since petitioner did not plead guilty to the offense and a guilty plea was the basis of his conviction for the offense, it must be concluded that petitioner was not convicted. To hold otherwise would be to require petitioner to attack his conviction by direct appeal from that conviction within ten days,[2] when he was not even aware that his conviction had occurred. Clearly, such a remedy is inadequate. The course of action to follow in this situation would be to schedule a hearing upon discovery that petitioner's conduct was mistakenly interpreted as a guilty plea. Because a mutual mistake is involved, the time requirements of Pa. R. Crim. P. 55 would not have to be strictly followed. See Commonwealth v. O'Neill, 25 Cumb. 219 (1975). Thus, petitioner would be afforded an opportunity to defend against the charges, as he desired, and the Philadelphia Traffic Court would not be deprived of the opportunity to adjudge petitioner's guilt.

Petitioner also contends that the records of the secretary are incorrect in that the record of conviction for the making of an improper turn was not properly certified as required by P. R. Crim. P. 69. In a license suspension case, the burden of proof is upon the Commonwealth to establish by clear and competent evidence that the computation of points was correct: Epps v. Bureau of Traffic Safety, 11 Pa. Commonwealth Ct. 544, 314 A.2d 884 (1974); Commonwealth v. Hepler, 2 Pa. Commonwealth

---

2. As required by section 3 of the Act of December 2, 1968, P.L. 1137, 42 P.S. §3003.

Ct. 516, 279 A.2d 93 (1971). The conviction records which are the basis of the suspension must be produced and must be in the proper form in order for the secretary to have had authority to assess points: Commonwealth, Department of Transportation v. Marchetti, 16 Pa. Commonwealth Ct. 443, 332 A.2d 894 (1975); Epps v. Bureau of Traffic Safety, supra.

But, where petitioner has admitted his conviction through payment of his fine, the suspension will be upheld, notwithstanding improper certification of the record of the conviction: Commonwealth, Department of Transportation v. Durkin, 22 Pa. Commonwealth Ct. 492, 349 A.2d 791 (1976); Virnelson Motor Vehicle Operator License Case, supra. Inasmuch as petitioner has admitted paying his fine, the question of the validity of the certification is irrelevant. The previous holding with respect to the effect of petitioner's payment of the fine is determinitive. If the payment was viewed as an admission of conviction, proper certification would be unnecessary under Durkin and Virnelson. But, as the payment of the fine has been held insufficient to sustain petitioner's conviction, there is no conviction to certify, rendering the question of the method of certification moot.

## CONCLUSIONS OF LAW

1. The payment of a fine for a violation of The Vehicle Code without intending or knowing that it would be interpreted as a guilty plea will not sustain a conviction where the instructions on the citation given to petitioner indicate that signing the citation would be necessary for the entering of a guilty plea.

2. Petitioner was improperly assessed three points on the basis of the June 11, 1975, conviction for making an improper turn.

3. The suspension of petitioner's license on the basis of an accumulation of 11 or more points was improper.

## ORDER OF COURT

And now, June 2, 1976, based on the foregoing discussion, the order of the Pennsylvania Department of Transportation, Bureau of Traffic Safety, suspending petitioner's license be, and is hereby, reversed and the suspension vacated.