## Commonwealth v. Harrison

*Michael J. Creighton,* Assistant Counsel, Department of Transportation, for the Commonwealth.
*Joseph B. Policicchio,* for defendant.

COFFROTH, *P.J.,* June 24, 1982 — The issue in this motor vehicle license suspension appeal is whether the district justice's certification of the date of conviction of a motor vehicle violation is conclusive on the parties, or whether it is prima facie only and subject to contradiction, for purposes of Vehicle Code §1535 (c) which provides as follows: "(c) No points after six months. — The department shall assign points to the record of any person within six months from the date of a conviction. Any points after such six-month period shall be null and void."

Commonwealth counsel contends that the certification is conclusive under the Virnelson rule, whereas counsel for appellant contends that it is prima facie evidence only, and is therefore subject to contradiction and that the Vernelson rule is inapplicable.

The Virnelson rule comes from Virnelson Motor Vehicle Operator License Case, 212 Pa. Super. 359 243 A.2d 464 (1968) which has been uniformly followed and which holds that in an appeal of a points suspension based on certifications of convictions of Vehicle Code violations under §619.1 of the former Vehicle Code, Act of 1959 P.L. 58 as amended, the following rule is applicable (368):

"At the hearing before the lower court the Commonwealth should produce the records of convictions received by the Department of Revenue from the magistrates and courts of record in the proper form, and the secretary's record compiled therefrom which justified the suspension. If these documents show that the suspension was given in accordance with the mandate of section 619.1, the Commonwealth has produced a prima facie case for suspension. If the defendant wishes he may then proceed to show that he was not convicted or that the records or the computation of the secretary are incorrect. He may not go into the facts of his violation or mitigating circumstances thereof because the issue is whether he was convicted and not whether he should have been convicted."

In Commonwealth v. Ludwig, 30 Somerset L. J. 211, 214 (1975), we stated the rule in this form:

". . . . . certification of conviction in a points suspension appeal, made in proper form, is conclusive upon appellant as to the legality of the conviction and is open to challenge only as to the fact of conviction. Legality may be challenged only in a direct appeal from the conviction not in an appeal from the suspension."[1]

When Virnelson was decided, the code contained no time limitation for assignment of points as in

---

1. Ludwig recognized an exception to the Virnelson rule if appellant neither knew or had reason to believe he had been or may have been convicted and was therefore deprived illegally of an opportunity to be heard before the district justice and could not be expected to take a timely appeal. Compare Selleck v. Commonwealth, 14 D.&C.3d 113 (1980), allowing appeal from conviction nunc pro tunc.

§1535 (c) supra of the present code; consequently, it cannot be said with certainty that the Virnelson Court contemplated how the rule should apply to the problem of date of conviction, and no judicial ruling of that issue has been brought to our attention or found by us. We think the certification is not conclusive and is prima facie evidence only of date of conviction which is subject to contradiction, for the following reasons:

(1) The Virnelson rule protects the integrity of judgments of conviction by insulating them from collateral attack. Allowing challenge of the certification of date of conviction does not impair that integrity.[2]

(2) The Virnelson rule protects the suspension appeal court from having to retry the merits and procedural validity of motor vehicle convictions. Allowing challenge of the certification of date of conviction does not open that door.

(3) Allowing challenge of the certification of date of conviction is closely analogous in principle to Virnelson's allowance of challenge of the certifica-

---

2. The Virnelson rule is grounded on the provisions of the Vehicle Code, not on the law of judgments, but is a form of conclusiveness of a judgment from collateral attack except that even collateral jurisdictional and equitable attacks are barred under Virnelson. See: Commonwealth v. Gillingham, 49 Pa. Commw. 637, 638, 412 A.2d 186 (1980), appeal from this court; Commonwealth v. Brown, 31 Pa. Comm. 620, 623, 377 A.2d 1027 (1977); Commonwealth v. Durkin, 22 Pa. Commw. 492, 349 A.2d 791 (1976); Commonwealth v. Beckner, 28 Somerset L. J. 174, 178 (1973); Restatement of Judgments §4, Restatement (Second) of Judgments §1, defining valid judgments.

tion of the fact of conviction, and falls within a broad reading of the language of Virnelson (368) that appellant may "show that he was not convicted or that the records or the computation of the secretary are incorrect" (Emphasis supplied).

(4) Most important is the statutory language of Code §1535 (c) supra which absolutely mandates without exception that points be assigned "within six months from the date of a conviction", not within six months of the certified date of conviction.

(5) It is true as argued by Commonwealth counsel that the Commonwealth cannot assign points until it receives the certification and can only go by the certificate in computing the six month period, and therefore cannot protect itself against error in the certified date of conviction, resulting in unfairness to the Commonwealth. See Commonwealth v. Pugh, 38 Somerset L. J. 135, 139 (1979); Commonwealth v. Parr, 56 Pa. Commw. 203, 424 A.2d 604 (1981) cited by Commonwealth counsel was not a points case and did not involve the six months limitation of §1535(c). But there is greater injury to the citizen who is deprived of the benefit of §1535(c) by an erroneous certification; and the clear language of the statutory mandate shows that the legislature was more concerned with creating a right for the citizen, and imposing a duty of promptness on the Commonwealth, than with whether the result is fair to the clerics of the Commonwealth. Moreover, if error is made by the district justice or clerk of courts in certifying date of conviction, it is fairest that the Commonwealth in whose name and authority they acted be held responsible for the error. The result would be otherwise, however, if it were shown that

appellant was responsible for the error. Compare Commonwealth v. Pugh, supra, 139.

Our holding here is consistent with the dictum in Commonwealth v. Pugh, supra, 138-139, that the certification of date of conviction controls absent contrary evidence.

The certification of conviction establishes prima facie the fact and date of conviction; the burden then shifts to appellant to prove that the record is incorrect in either or both of those respects by a preponderance of evidence. See Schaefer Jr. v. Commonwealth, 8 Pa. Commw. 539, 543, 304 A.2d 521 (1973).

Having taken this case under advisement on the pleadings alleging a date of conviction (other than the certified date) which antedated the assignment of points by more than six months, in order to decide the preliminary issue herein presented, we shall allow the case to go forward to hearing on the issue raised in the pleadings, consistent with this opinion.

## ORDER

Now, June 24, 1982, the case shall be scheduled sec reg for plenary hearing of the appeal.