531 A.2d 813

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Robert W. Seybold, Jr., Appellee.

Submitted on briefs March 26, 1987, to Judges BARRY and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Timothy Paul Dawson,* for appellee.

OPINION BY JUDGE BARRY, ·October 2, 1987:

The Commonwealth's Department of Transportation (Department) appeals an order of the Court of Common Pleas of Allegheny County which sustained an appeal by Robert W. Seybold, Jr., from a Department decision suspending his operating privileges.

On March 31, 1984, Seybold was cited for fleeing from police in violation of 75 Pa. C. S. §373(a). In testimony, believed by the trial court, Seybold stated that he was not driving the car at the time in question, having loaned it to a friend. Upon receipt of the citation, he sent in the exact amount required by the citation, $217.50 (a $200 fine and $17.50 in costs) without either signing the citation or checking the block on the citation indicating a plea of guilty. He also testified that he thought he would be afforded a hearing and had no intention of pleading guilty. Seybold mailed in the incomplete citation and check, a City of Pittsburgh magistrate recorded a guilty plea on April 24 despite the requirement of Pa. R. Crim. P. No. 64(b) ("When a defendant pleads guilty by mail: (1) the defendant must sign the guilty plea acknowledging that the plea is entered voluntarily and understandingly. . . ."). Nonetheless, when the Department received official certification that Seybold had pleaded guilty to fleeing a police officer, it notified Seybold that it was imposing the mandatory six month suspension of his operating privileges required by 75 P.S. §1532(b)(1). Seybold filed a timely appeal to the Court of Common Pleas of Allegheny County. Following a hearing, the trial court sustained the appeal, finding that Seybold was not in fact the person driving the car nor did he plead guilty. This appeal followed.

The Department argues strenuously that Seybold's attack in the trial court was an impermissible collateral challenge to the criminal conviction in a civil license suspension proceeding. *Department of Transportation, Bureau of Traffic Safety v. Williamson,* 91 Pa. Commonwealth Ct. 84, 496 A.2d 910 (1985). There, the defendant's husband paid the fines which resulted in the defendant's convictions which required a mandatory suspension under 75 Pa. C. S. §1532. When the defendant was successful in her appeal to the trial court on the grounds that her husband was not authorized to plead guilty in her stead, we reversed, citing *Commonwealth v. James,* 6 Pa. Commonwealth Ct. 493, 296 A.2d 530 (1972), wherein we held that the proper channel to challenge a conviction on those grounds was a direct appeal of the criminal conviction to common pleas court.

We must note that we are somewhat troubled by this case. Most importantly, the trial court, the fact finder in these matters, believed Seybold's testimony that he was not driving the car at the time specified in the citation and that, by mailing in the fine plus costs, he would be afforded a hearing. The Department relies upon 75 Pa. C. S. §6501(b), which provides, "A payment by any person charged with a violation of this title of the fine prescribed for the violation is a plea of guilty." We must point out that the Rules of Criminal Procedure require a person entering a plea of not guilty must also send along as collateral the amount of the fine plus costs. Pa. R. Crim. P. No. 63(a)(2). Furthermore, in *James,* the defendant testified that he knew of the unauthorized plea of guilty by another person within the period for appealing the criminal conviction. Here, if Seybold actually believed that he was pleading not guilty, he would have had no opportunity to appeal the criminal conviction in a timely fashion as did the defendant in *James.*

On the other hand, there is a long line of cases which hold that the trial court's review on a license suspension is limited to, *inter alia,* whether the defendant was in fact convicted and not whether the defendant should have been convicted. Illustrative of these cases is *Department of Transportation, Bureau of Traffic Safety v. Grobes,* 45 Pa. Commonwealth Ct. 151, 405 A.2d 588 (1979), where the defendant paid the fine plus costs to the magistrate who led the defendant to believe that despite such payment, a hearing could be held on the question of guilt or innocence. We reversed the trial court's sustaining of the defendant's appeal, holding that the defendant's challenge was an impermissible collateral attack upon the criminal conviction.

In light of the trial court's acceptance of Seybold's testimony in this case, we are sympathetic to his present predicament. Nonetheless, we are constrained to reverse the trial court's order. When Seybold received notice of the suspension and realized that a plea of guilty had erroneously been entered, he should have attempted to appeal that conviction nunc pro tunc. Having failed to do so, we have no choice but to hold that his actions on this suspension appeal are an impermissible collateral attack on that criminal conviction. *Grobes.*

Reversed.

### ORDER

Now, October 2, 1987, the order of the Court of Common Pleas of Allegheny County, Civil Division, dated January 4, 1985, at No. SA 663 of 1984, is reversed and the suspension order of the Secretary of Transportation is reinstated.