Commonwealth *v.* Taylor, Appellant.

Submitted January 14, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Dennis E. Haggerty,* for appellant.

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, June 30, 1972:

Defendant, Lee Bennett Taylor, was convicted of voluntary manslaughter after pleading guilty to murder generally in the Court of Common Pleas of Philadelphia on March 27, 1968. He was sentenced for a period of not less than 2 nor more than 10 years. No appeal was filed. Later, a petition for relief under the Post Conviction Hearing Act was filed. Relief was denied by the lower court on July 3, 1970.

Counsel, appointed to represent defendant, Taylor, in the post-conviction proceeding, brings this appeal from the denial of the petition under the Post Conviction Hearing Act and has prepared a brief as required

by *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Commonwealth v. Baker,* 429 Pa. 209, 239 A. 2d 201 (1968). Counsel has also related to this Court that a copy of the brief before this Court was forwarded to defendant, Taylor, with instructions that the defendant should promptly notify this Court if he wished to raise any additional arguments. This Court has received no communications from defendant, Taylor, pro se.

The brief submitted by counsel has assisted this Court in its review of the record in order to determine any possible grounds for relief. We have found none.

Defendant, Taylor, testified at the hearing on his petition for post-conviction relief. He was given full opportunity to state his post-conviction allegations of error. Counsel's brief correctly summarizes possible claims under two arguments. The first question raised is the validity of the guilty plea by defendant Taylor; the second, is the question of the denial of the right to competent and adequate trial counsel.

Defendant, Taylor, argues the unlawful inducement of his guilty plea because: (1) he was falsely promised a sentence of 18 to 30 months; (2) trial counsel told him that in a jury trial there was no doubt about first degree murder, and (3) he was not adequately advised of his rights.

The lower court held against the petitioner on the matters raised, choosing to believe experienced trial counsel who testified at the post-conviction hearing and denied Taylor's allegations.

In addition, defendant, Taylor, answered questions at the original proceedings and at the post-conviction hearing stating that he was not promised anything in regard to his sentence and he fully understood his rights. The colloquies are in detail. The record shows the following questions at the trial and the answers

by the defendant, Taylor: "Q. You want to change your plea from not guilty generally to these charges; is that correct? A. Yes. Q. You want to make this change on your own, voluntarily? A. Yes. Q. Have you been promised anything from either Mr. Block, myself, or the District Attorney in regard to sentence, or any favors, as a result of changing your plea? A. No. Q. Do you fully understand the consequence of the changing of your plea from not guilty to guilty? A. Yes. Q. Do you realize, Mr. Taylor, that if you are found guilty of second degree murder you can be sentenced to jail for as long as ten to twenty years? A. Yes. Q. If you are found guilty of voluntary manslaughter you could be sent to prison for as long as six to twelve years? A. Yes. Q. I am not saying that you would get that much. Do you understand—you are entitled to a jury trial? You can have a jury trial if you want one. A. Yes. Q. Do you also understand that any recommendation of sentence which I might make in this case is not binding on His Honor? A. Yes."

Additionally, at the post-conviction hearing, Lee Taylor testified as follows: "Q. Do you understand that certain questions were asked you that day? A. Yes, sir. Q. And the question was asked you, have you had any conferences with your attorney concerning this case, and you answered, 'Yes'. A. Yes, sir. Q. It was further answered, to the question, 'Are you making this change of plea voluntarily', and you said, 'Yes'. A. Yes, sir. Q. You were asked whether there were any promises made to you or any favors regarding sentence, and you said 'No'. You were asked whether you understood what this change meant, that the Judge didn't have to be bound by anything that might have been suggested to you by your counsel or the District Attorney, he might sentence you to something over and above that— you remember those questions being asked you? A.

Yes. Q. You understood then, and these promises were not made? A. Yes, sir. Q. Did you know you had a right to a jury trial? A. Yes, sir. Q. Did you know that? A. Yes, sir."

The testimony of trial counsel at the post-conviction hearing and the record colloquy at the trial provided a substantial basis for the lower court's conclusion denying relief.

Defendant, Taylor, also claimed that his answers to the questions at the original proceeding were not significant answers because trial counsel told him how to answer the questions. At the post-conviction hearing trial counsel denied instructing defendant as to the answers and we have no basis for disturbing the lower court's resolution of this issue.

Defendant, Taylor, has also raised the question of the competency and adequacy of trial counsel. He admitted, however, that at least five conferences took place with trial counsel and said that at least several of them lasted from one-half hour to an hour. In addition, the record reveals that trial counsel petitioned the court for the appointment of an investigator and received the results of the investigation which were not favorable to the defendant before advising the defendant. At the time of sentence defendant admitted the act of stabbing which was involved in this case. The record also indicates that trial counsel attempted to discredit the key Commonwealth witness and also presented facts favorable to the defendant concerning reputation, family and employment. In addition, trial counsel elicited facts showing that there were extenuating circumstances favorable to the defendant at the time the stabbing took place. We have examined the record and find no basis to disturb the lower court's finding that the defendant was competently and adequately represented by counsel.

Defendant, Taylor, indicated at the post-conviction hearing that one of his chief complaints was confusion about the crime for which he was sentenced. He said that he was convicted of voluntary manslaughter and not second degree murder. He claimed this confusion had prejudiced him before the parole board. Whether defendant was prejudiced by any confusion before the parole board is not before us, but any such problem should not arise in the future. The lower court examined the record and after noting the possible confusion, found as a fact with the concurrence of defense counsel and the Commonwealth, that the defendant was convicted of voluntary manslaughter.

Defendant also claimed that he was not advised by trial counsel of his right to appeal after the judgment of sentence. Trial counsel testified that the defendant was fully advised. In view of the defendant's guilty plea the only issues which would have been available on direct review were the validity of the plea and the lawfulness of the sentence. *Commonwealth v. Ward,* 442 Pa. 351, 275 A. 2d 92 (1971). Since both of these are cognizable in a collateral review and were considered by the lower court and this court, there is no prejudice to the defendant.

The order of the lower court is affirmed.