406 A.2d 324

**SCHOOL DISTRICT OF PITTSBURGH, Pennsylvania, Appellee,**

v.

**PITTSBURGH FEDERATION OF TEACHERS, LOCAL 400, AMERICAN FEDERATION OF TEACHERS, AFL–CIO, Albert Fondy, President, Joseph F. Zunic, Executive Secretary, et al., Appellants.**

Supreme Court of Pennsylvania.

Argued March 5, 1979.

Decided Oct. 1, 1979.

Louis B. Kushner, Stephen H. Jordan, Rothman, Gordon, Foreman & Groudine, P.A., Pittsburgh, for appellants.

Justin M. Johnson, Sol., Persifor S. Oliver, Jr., Asst. Sol., Bd. of Public Ed., Pittsburgh, Jerome H. Gerber, James L. Cowden, Harrisburg, for appellee.

Jerome H. Gerber, James L. Cowden, Harrisburg, amicus curiae on behalf of Pennsylvania AFL–CIO.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

MANDERINO, Justice.

On December 1, 1975, a teachers' strike began in the School District of Pittsburgh. About three weeks later, on December 22, 1975, appellee, School District of Pittsburgh, filed a complaint in equity requesting that a preliminary injunction be issued enjoining appellants, Pittsburgh Federation of Teachers, Local 400, American Federation of Teach-

ers, AFL–CIO, and its officers and members from continuing the strike. Public Employe Relations Act, Act of July 23, 1970, P.L. 563, No. 195, art. X, § 1003, 43 P.S. § 1101.1003. Hearings were conducted and on Saturday, January 3, 1976, the trial court issued a preliminary injunction. On Monday, January 5, 1976, the next scheduled school day after the issuance of the preliminary injunction, the School District filed a petition requesting that appellants be held in contempt for failure to report to work that day. Two days later, on Wednesday, January 7, 1976, a hearing on the contempt petition was held and appellants were found to be in civil contempt of the court's preliminary injunction order. The court ordered that appellants cease their strike activities and report to work on the next scheduled school day and imposed fines to be paid for each scheduled school day that appellants continued their strike activities and did not report for work. The next scheduled school day after the court issued its contempt order was Monday, January 12. (The Commonwealth Court erroneously suggested that the next scheduled school day was Thursday, January 8.)

When appellants did not report for work on Monday, January 12, and on subsequent days the court imposed fines. The total fines imposed on the Pittsburgh Federation of Teachers was $105,000 covering a period of nine scheduled school days which passed before appellants returned to work upon the reaching of a settlement by the parties.

Appellants filed two appeals which were later consolidated; one from the order issuing the preliminary injunction and another from the order imposing the fines for failure to return to work. The Commonwealth Court held that the appeal from the issuance of the preliminary injunction was moot because the strike was settled on Monday, January 26, 1976, and a new collective bargaining agreement had been executed. In the appeal from the trial court's order imposing fines for contempt, appellants were denied relief; the Commonwealth Court affirming the trial court's order imposing the fines. *Sch. Dist. of Pittsburgh v. Pittsburgh Federation*, 31 Pa.Cmwlth. 461, 376 A.2d 1021 (1977). We then granted appellants' petition for allowance of appeal.

■ Appellants have raised various issues, most of which we need not reach in view of our conclusion that appellants are correct in their contention that the order imposing the fines must be reversed because prior to Monday, January 12, 1976, the first day for which appellants were fined, the preliminary injunction had been automatically dissolved and thus there was no court order in effect on Monday, January 12, 1976.

The pivotal factor in the determination of this appeal is the trial court's denial, prior to Monday, January 12, of appellants' request that the trial court hold a final hearing on the propriety of injunctive relief. On Wednesday, January 7, 1976, at the hearing scheduled to determine whether appellants should be held in contempt, appellants submitted to the trial court a request for a final hearing pursuant to Pa.R.C.P. 1531(f)(1). The following day on Thursday, January 8, 1976, the trial court denied appellants' request. This denial caused an automatic dissolution of the preliminary injunction earlier issued by the court. Pa.R.C.P. 1531(f)(1).

Under Rule 1531(f)(1) a preliminary injunction involving freedom of expression is automatically dissolved if those enjoined are not granted a final hearing within three days after submitting a demand for such a hearing. Since appellants' request for a final hearing was submitted on Wednesday, January 7, and denied on Thursday, January 8, there was no injunction in effect on Monday, January 12, the first day for which fines were imposed.

Pa.R.C.P. 1531(f)(1) provides:

"(f)(1) When a preliminary or special injunction *involving freedom of expression* is [used], either without notice or after notice and hearing, the court shall hold a final hearing within three (3) days after demand by the defendant. A final decree shall be filed in the office of the prothonotary within twenty-four (24) hours after the close of the hearing. If the final hearing is not held within the three (3) day period, or if the final decree is not filed within twenty-four (24) hours after the close of the hearing, *the injunction shall be deemed dissolved.*" (Emphasis added.)

This rule came into being following the decision of the United States Supreme Court in *Freedman v. Maryland*, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965) and this Court's decision in *Duggan v. 807 Liberty Ave., Inc.*, 447 Pa. 281, 288 A.2d 750 (1972). Those holdings require state procedures insuring a prompt and final judicial determination when injunctions are sought involving freedom of expression. We noted in *Duggan, supra*, that a procedure is flawed if "it does not show 'the necessary sensitivity to freedom of expression.'" 447 Pa. at 290, 288 A.2d at 754. When the trial court denied appellant's request for a final hearing, it in effect ruled that no hearing would be held as required by 1531(f)(1). The only determination consistent with the necessity to limit restraints involving freedom of expression to the "shortest fixed period compatible with sound judicial resolution" is to conclude that a denial of a request for final hearing under 1531(f)(1) results in a dissolution of an injunction. *Freedman v. Maryland*, 380 U. S. at 59, 85 S.Ct. at 739, 13 L.Ed.2d at 665. It is, of course, conceivable that a trial court could change its mind after denying a request for a final hearing and later grant it. However, to permit such a possibility to cause an injunction to remain in effect for a time period after a final hearing has been denied lacks "the necessary sensitivity to freedom of expression." To hold that the preliminary injunction remains in effect on the improbable basis that a trial judge might change his mind after he has entered a denial would give Rule 1531(f)(1) an interpretation which would raise serious doubts concerning its constitutionality under *Duggan, supra* and *Freedman, supra*.

There is no doubt that the preliminary injunction issued by the trial court *involved* freedom of expression. It provided:

"AND NOW, to-wit, this 3rd day of January, 1976, plaintiff having presented its Complaint in Equity in open court and having moved for a Preliminary Injunction, upon consideration thereof and after a full and complete hearing thereon wherein all parties have been afforded an

opportunity to be heard, it is the finding of this Court that the strike of the defendants, and each of them, against the plaintiff creates a clear and present danger or threat to the health, safety or welfare of the public, and that the plaintiff is entitled to equitable relief including but not limited to an appropriate injunction.

Based upon the findings of this Court as aforesaid, it is hereby ORDERED, ADJUDGED and DECREED that the defendants and each of them, and all persons in active concert or participating with them, be, and they hereby are, enjoined from:

1. Acting in concert by way of ordering, directing or taking any action calculated to cause any and all teachers, paraprofessionals, and others employed by plaintiff to fail or refuse to report for duty, to be wilfully absent from work, to engage in concert in a work stoppage or a slowdown, or to abstain in whole or in part from the full, faithful and proper performance of their duties of employment; or

2. Ordering, directing or taking any action in concert calculated to cause any and all of the employees other than teachers or paraprofessional employees of plaintiff to fail or refuse to report for duty, to be wilfully absent from work, to engage in concert in a work stoppage or slowdown, or to abstain in whole or in part from the full, faithful and proper performance of their duties of employment; or

3. Picketing in any manner or by any means at or in the immediate vicinity of any school building wherein classes are conducted, operated or maintained by plaintiff; or

4. In any manner impeding, obstructing, hampering or interfering with the efficient and orderly operation of the public school system operated by plaintiff; or

5. Preventing, or attempting to prevent, in any illegal manner whatsoever any employee or employees, pupil or pupils, or other person or persons having lawful business in any school building administration building, warehouse,

supply depot or any other building, facility or site owned, operated, maintained or being constructed or repaired by plaintiff from entering or leaving the same; or

6. In any manner conspiring, combining, agreeing and arranging with each other or with any other person or persons, organizations or associations to interfere with, impede or hinder the orderly operation of the public school system operated by plaintiff by any conduct whatsoever which interferes with, hinders, annoys or otherwise prevents any employee or employees, pupil or pupils, or other person or persons having lawful business in any school building wherein classes are conducted by plaintiff from entering or leaving the same; or

7. In any manner performing any of the acts aforesaid so as to induce others to fail to provide or to assist in providing goods, services, equipment, facilities and supplies to any school building, administration building, warehouse, supply depot or other building, facility or site owned, operated, maintained or being constructed or repaired by plaintiff; or

8. Loitering, or being unnecessarily in the vicinity, of any school building wherein classes are conducted by plaintiff; or

9. Advising, encouraging or assisting in the doing of any of the things which are hereinforbidden.

10. All employees shall return to duty under the terms and conditions of employment in the last bilaterally, voluntarily assented-to contract between the parties dated December 1, 1972, to November 30, 1975, and in addition thereto, all mutually agreed upon changes to said contract should be headed by the parties; and

11. The parties are ordered to proceed with negotiations in accordance with the schedule set forth in the Order of Court of December 23, 1975.

Since it appears to the Court that plaintiff is a political subdivision of the Commonwealth, no bond need be filed and approved.

This Court retains jurisdiction of this matter to insure compliance by the parties with the terms herein contained."

Although certain parts of the trial court's decree arguably did not involve freedom of expression, it is clear that the decree prohibits certain communications by and between appellants and prohibits certain picketing. Freedom of expression was therefore restrained by the preliminary injunction. *Thornhill v. Alabama*, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed.2d 1093 (1940); *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969); *Police Dept. of Chicago v. Mosley*, 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972); *National Treasury Employees Union v. Fasser*, 428 F.Supp. 295 (D.C.1976); *Altemose Construction Company v. Building Construction Trades Council of Philadelphia*, 449 Pa. 194, 296 A.2d 504 (1972), *cert. denied*, 411 U.S. 932, 93 S.Ct. 1901, 35 L.Ed.2d 392 (1973). Since at least part of the decree was a preliminary injunction involving freedom of expression, Rule 1531(f)(1) and its provisions concerning a final hearing were applicable. When a preliminary injunction involving freedom of expression is issued there is no provision in the rule for a piecemeal approach to the injunction. Those enjoined need not act at their peril by having to make judgments about portions of the decree which are dissolved and portions which are not. Rule 1531(f)(1) does not provide for the dissection of a decree involving freedom of expression. The chilling of first amendment rights could not be effectively minimized if those enjoined had to determine for themselves, because a final hearing was denied, what parts of the injunction were denied and what parts were not.

Appellee, however, argues that Rule 1531(f)(1) only applies in the case of preliminary injunctions which are issued enjoining *constitutionally protected* methods of expression but does not apply when that which is enjoined involves methods of expression which are *not* constitutionally protected. The suggested proposition must be rejected. The final hearing, which must be promptly held under Rule

1531(f)(1), is for the purpose of determining the very issue which appellee contends can be determined *without* a final hearing. Under appellee's reasoning a final hearing is required under Rule 1531(f)(1), only when the preliminary injunction is known, in advance of the final hearing, to be illegal. If in advance of the final hearing, the preliminary injunction is known to be illegal, no final hearing would be necessary. Until a final hearing is held, it is not known finally whether the prohibitions of the preliminary injunction prohibit constitutionally protected freedom of expression. If the preliminary injunction, on its face involves freedom of expression, a final hearing is required. In *Duggan, supra*, the decision of this Court which resulted in the later adoption of Rule 1531(f)(1), a preliminary injunction involving freedom of expression was reversed *without* any consideration of whether the expression enjoined was constitutionally protected precisely because there was no procedure for a prompt final hearing. To deny a final hearing by deciding in advance of such a hearing that the preliminarily enjoining of the "expression" was proper is to put the proverbial cart before the horse.

In the alternative, appellee contends that the injunction issued by the trial court was a final injunction and therefore no final hearing was required under 1531(f)(1). Although the hearing which took place prior to issuance of the preliminary injunction was a lengthy hearing, that fact is totally irrelevant in determining whether appellants are entitled to a final hearing. Appellants *were never given notice* that the hearing being conducted was to be a final hearing. There was no agreement between the parties that it was to be a final hearing. Without proper notice and in the absence of an agreement a hearing scheduled to consider the propriety of issuing a preliminary injunction cannot be considered later to have been a final hearing.

Preliminary injunctions are not prohibited under the Public Employes' Relations Act. The complaint filed in this case by the School District requested a preliminary injunction. The decree entered by the trial court was specifically desig-

nated as a preliminary injunction. Throughout the entire hearing references were always to a preliminary injunction. The record is totally absent of any indication or suggestion that the hearing held was to consider anything except the issuance of a preliminary injunction. Under these circumstances, serious due process issues would result if we were to conclude that the first hearing held was a final hearing. We rejected this same argument in *Duggan, supra*, where it was argued that "the adversary hearing on the preliminary injunction was full and complete, and hence the hearing on the permanent injunction would be little more than a formality." That argument was answered by pointing out that "the fact that there was an adversary hearing at the preliminary injunctive stage does not vitiate the need for a requirement of a specific guarantee of prompt and final adjudication." 447 Pa. at 291, 288 A.2d at 755.

Since a final hearing was required, upon demand, by Rule 1531(f)(1) after the issuance of the preliminary injunction involving freedom of expression and since appellant's demand was denied on January 8, 1976, the injunction was deemed dissolved on that date under Rule 1531(f)(1). Appellants were therefore not in contempt when they failed to report for work on Monday, January 12, 1976, the next scheduled school day. The order imposing fines is therefore reversed.

Appellants have also appealed from the Commonwealth Court's order dismissing, as moot, appellants' appeal from the trial court's order granting a preliminary injunction. Appellants contend that the Commonwealth Court's order was in error because even though the parties had settled their differences and entered into a new collective bargaining agreement, the appeal from the grant of the preliminary injunction should not have been considered moot so long as fines for violation of the preliminary injunction remained outstanding. In view of our reversal of the orders of the trial court and the Commonwealth Court as to the fines, appellants' appeal to this Court challenging the order of the Commonwealth Court is moot.

In the appeal concerning the contempt fines, the order of the Commonwealth Court affirming the imposition of the fines and the order of the Court of Common Pleas of Allegheny County imposing the fines are reversed.

In the appeal concerning the preliminary injunction, the appeal is dismissed as moot.

LARSEN, J., filed a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent and in support thereof adopt the majority opinion of the Honorable Genevieve Blatt, which was filed in the Commonwealth Court in this matter.