Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Nancy A. Williamson, Appellee.

Submitted on briefs June 7, 1985, to Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Leigh P. Narducci, Anderson, Narducci & Sullivan,* for appellee.

OPINION BY JUDGE DOYLE, August 12, 1985:

This is an appeal by the Department of Transportation, Bureau of Traffic Safety (DOT) from an order of the Court of Common Pleas of Montgomery County sustaining the appeal of Nancy A. Williamson (Appellee) from the six month suspension of her operating privilege by DOT pursuant to Section 1532 (b)(2) of the Vehicle Code, 75 Pa. C. S. §1532(b)(2). Section 1532(b)(2) provides, in part, that DOT "shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of a subsequent offense under . . . Section 1501(a) (relating to drivers required to be licensed)."

The facts in this case are somewhat confusing because of the interplay between two different types of suspensions. Accordingly, in an attempt at clarification we shall first examine the two different types of suspensions and then set forth a chronology of the events as they transpired. Section 1532(b)(2) of the Vehicle Code *requires* that DOT suspend for *six months* the operating privilege of a driver upon receiving a certified record of a subsequent conviction for, *inter alia,* driving without a license. Hence, under Section 1532(b)(2) the suspension and its length are mandatory if DOT receives a certified record of a subsequent conviction.

A different type of DOT suspension exists under Section 1533 of the Vehicle Code, 75 Pa. C. S. §1533. Section 1533 requires DOT to "suspend the operating privilege of any person who has failed to respond to a citation to appear before a court of competent jurisdiction. . . ." Section 1533, in addition, specifically states that the suspension "shall be for an *indefinite period* until such person shall respond and pay any fines and penalties imposed." (Emphasis added.) Thus, while payment of fines and penalties will operate to avoid or remove a suspension imposed under Section 1533, such payment will not avoid or remove a suspension under Section 1532(b)(2). Moreover, because payment of a fine constitutes a *conviction* of a violation under Section 6501(b) of the Vehicle Code, such a payment can actually constitute the basis for a mandatory six month suspension under Section 1532 (b)(2).

With this preliminary explanation we now proceed to relate the relevant chronology of events; what is involved are three convictions for driving without a license, two resultant suspensions, and two suspensions for failure to respond to citations.

Appellee was first convicted of driving without a license in an incident occurring on March 29, 1980.[1] Because this was a first conviction for this offense no suspension penalty was issued under Section 1532 (b)(2). Then, on May 6, 1981 Appellee received an-

---

[1] Although Appellee maintains in her brief that there is no record of this conviction, we find evidence of record in DOT Exhibit 10 (Appellee's driving record) and note that the only objection to the admission of the DOT documents (which were admitted as one packet) was counsel's statement that he did not object to their admissibility "but to their content I have some objection." This general objection does not preserve any specific objection with respect to the question of whether there actually was a March 29, 1980 conviction.

other citation for driving without a license. She did not respond to this citation and accordingly she eventually received a notice from DOT, dated November 13, 1981, advising her that her license was scheduled to be suspended on December 4, 1981 for failure to respond to the May 6, 1981 citation. This notice advised Appellee that *this* suspension could be prevented by obtaining a receipt of payment or discharge from the court named on the notice and mailing the receipt to DOT. The trial court found, and it is undisputed, that Appellee's husband, an attorney, complied with these instructions by paying Appellee's fine and costs and forwarding the receipt to DOT. Accordingly, Appellee's operating privilege was restored on June 9, 1982. But, based on the payment of the fine and costs[2] Appellee stood *convicted* of the violation which had occurred on May 6, 1981. When DOT received notice of this fact it advised Appellee (in a notice dated July 30, 1982) that her license would be suspended for six months because she had now twice been convicted of driving without a license (the March 29, 1980 incident and the May 6, 1981 incident). Appellee did not appeal this six month suspension.

Complicating matters further was an incident on May 12, 1981 wherein Appellee (less than one week after her second citation for driving without a license) was, for the third time, cited for the same offense, *i.e.,* driving without a license. As before, initially Appellee did nothing with respect to the citation. Eventually she received, as she had before, a notice of DOT's intent to suspend her license for failure to respond to the citation. As he had done before, Appel-

---

[2] The fine was apparently paid on May 10, 1982, although the DOT document in the record certified as an original record to this Court is virtually unreadable. The date, however, does not appear to be in dispute.

lee's husband again paid the fine and costs "releasing" the suspension. Nonetheless, Appellee's six month suspension for twice driving without a license (as distinguished from a suspension for failure to respond to the citation) continued in effect. Again, as before, payment of the fine and costs resulted in a *conviction* (apparently on October 18, 1982)[3] for the Section 1501(a) violation[4] thus causing Appellee to be thrice convicted of driving without a license, hence triggering a second six month license suspension (of which Appellee was advised in a DOT notice dated January 4, 1983) for a subsequent offense of driving without a license. It is this six month suspension which is the subject of the present appeal.

On appeal DOT asserts that Appellee did not present sufficient evidence to overcome DOT's prima facie case that two convictions for driving without a license (May 6, 1981 and May 12, 1981) had been certified to it thus requiring it to suspend Appellee's license for six months the second time. Specifically, DOT contends first, that payments made pursuant to the notices of impending suspension for failure to respond to the citations *can* be the basis for convictions under Section 1532(b)(2) and second, that payment of these fines *did* constitute convictions of Appellee even though payment was made by Appellee's husband. The record reveals that the only witness at the DOT hearing was Appellee's husband whose testimony (about two pages in length) related solely to identifying the DOT notices of impending suspensions for failure to respond to the citations. Appellee's attor-

---

[3] The date of payment appearing on the relevant DOT document is impossible to decipher. *See* note 2, but, again, the date is not a contested one.

[4] Section 1501(a) of the Vehicle Code, 75 Pa. C. S. §1501(a).

ney then moved for their admission. When the purpose of his motion to admit the notices became unclear, he offered legal argument reasoning that the payments were all that DOT had said was required to remove the suspension and that they were not paid pursuant to guilty pleas. The record thereafter contains only this legal argument and the DOT exhibits. The trial court, based upon this record, correctly stated that the sole issue was whether Appellee had been convicted of the May 12, 1981 offense. It then went on to determine, however, that DOT had improperly suspended Appellee's license because Appellee's husband, by paying the fine and costs relative to the citation issued on May 12, 1981, had done all the notice instructed should be done to avoid suspension. But that notice, which instructed that by payment of the fine the suspension could be avoided or removed, clearly *refers only to the suspension for failing to respond to the citation.* It is thus apparent that the trial court was confused as to the two types of suspensions discussed previously. Therefore, its conclusion that DOT could not rely on the fine, paid to terminate suspension for failure to respond to a citation, as a basis for a conviction, is erroneous. To the contrary, the law is clear that once DOT receives notice of a subsequent conviction it *must* suspend the license for six months under Section 1532(b)(2).

The thrust of Appellee's argument is that payment *by her husband* of her citation is not tantamount to conviction. Section 6501(b) of the Vehicle Code, 75 Pa. C. S. §6501(b), states that "payment *by any person charged with a violation of this title* of the fine prescribed for the violation is a plea of guilty." (Emphasis added.) Appellee thus maintains that payment by another person does not constitute a guilty plea. We addressed this argument in *Commonwealth v.*

*James,* 6 Pa. Commonwealth Ct. 493, 296 A.2d 530 (1972) where we wrote:

> We do not say that the unauthorized payment of fine and costs by a person other than the licensee unqualifiedly constitutes a conviction of the violation charged. We simply say that this should be determined at the proper time in the proper proceeding.

*Id.* at 497, 296 at 532. *Accord Department of Transportation v. Durkin,* 22 Pa. Commonwealth Ct. 492, 349 A.2d 791 (1976); *Department of Transportation, Bureau of Traffic Safety v. Lamb,* 12 Pa. Commonwealth Ct. 508, 316 A.2d 148 (1974). Thus, if Appellee's husband paid the fine (*i.e.* pled guilty) without Appellee's authorization that action should have been protested by Appellee via an appeal of the criminal conviction on the grounds that it was a conviction improperly obtained, not collaterally attacked in the DOT proceeding. *James.* As we have repeatedly stated, the DOT suspension is premised not upon whether there should have been a conviction but upon whether there was, in fact, a conviction and the trial court is limited to determining whether DOT acted properly upon receipt of the notice of conviction. *Department of Transportation, Bureau of Traffic Safety v. Grobes,* 45 Pa. Commonwealth Ct. 151, 405 A.2d 588 (1979); *Department of Transportation, Bureau of Traffic Safety v. Pattison,* 52 Pa. Commonwealth Ct. 1, 415 A.2d 435 (1980). Based upon the foregoing, the order of the trial court is reversed and the six month suspension, imposed by the Secretary of Transportation in his notice dated January 4, 1983, is reinstated.

### ORDER

Now, August 12, 1985, the order of the Court of Common Pleas of Montgomery County, No. 83-01532,

dated March 17, 1983 is hereby reversed and the order of the Secretary of Transportation suspending Appellee's driver's license for a period of six months is reinstated.