553 A.2d 1036

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Kevin McBrearty, Appellee.

Submitted on briefs August 30, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Donald H. Poorman;* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE SMITH, February 1, 1989:

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of

Common Pleas of Philadelphia County sustaining the appeal of Kevin Charles McBrearty (McBrearty) from DOT's six-month revocation of his vehicle operating privileges pursuant to Section 1543 of the Vehicle Code (Code), 75 Pa. C. S. §1543 (driving while operating privilege is suspended or revoked). The trial court's decision is reversed.

DOT notified McBrearty by official notice dated October 24, 1986 that his operating privilege was being revoked for six months as a result of his conviction for violation of Section 1543 of the Code. McBrearty appealed DOT's decision to the Court of Common Pleas of Philadelphia County. At hearing, DOT offered into evidence certified documents consisting of McBrearty's driving record, the official notice of suspension, and the Commonwealth of Pennsylvania citation which indicates that fine and costs were paid. McBrearty, through his attorney, alleged that McBrearty's parents received the citation in the mail, paid the fine and then told McBrearty that they had done so.

The trial court subsequently sustained McBrearty's appeal finding that his parents had no authority to act for him since he is an independent person.[1] The trial court distinguished *Department of Transportation, Bureau of Traffic Safety v. Williamson,* 91 Pa. Commonwealth Ct. 84, 496 A.2d 910 (1985), which DOT argues is controlling, from the facts of this case. In *Williamson,* licensee's spouse paid the fine and costs imposed upon licensee for driving without a license. This Court rejected licensee's argument that payment by another person does not constitute a guilty plea and held that where one spouse pays

---

[1] McBrearty is 28 years old and either resides with his parents or receives mail at his parents' residence. *See* Trial Court Opinion. Moreover, although ordered by this Court to file a brief, McBrearty failed to do so.

a fine for another, this conduct is tantamount to an admission of guilt by licensee. However, the trial court concluded that *Williamson* is not controlling in a parent-child relationship where the child is an independently employed 28-year-old adult. DOT thereafter appealed to this Court.[2]

DOT contends that the trial court erred in accepting McBrearty's argument that the underlying conviction was improper because his parents paid the fine without his knowledge. DOT also argues that it sustained its burden of proof by providing evidence of McBrearty's conviction.

This Court has held that the propriety of a criminal conviction may not be collaterally attacked in a subsequent suspension proceeding which is civil in nature. *Department of Transportation, Bureau of Driver Licensing v. Green,* 112 Pa. Commonwealth Ct. 413, 535 A.2d 306 (1988); *Williamson.* The only issues to be resolved are whether the licensee was convicted and whether DOT acted in accordance with applicable law. Moreover, payment of the fine here constitutes a guilty plea. *See Department of Transportation, Bureau of Traffic Safety v. Valentine,* 71 Pa. Commonwealth Ct. 8, 453 A.2d 742 (1982). That payment was made by McBrearty's parents is irrelevant since the licensee need not be the payor. Nor does the parent-child relationship sufficiently distinguish

---

[2] This Court's scope of review here is to determine whether the trial court's findings are supported by competent evidence, and whether the trial court committed an error of law or abused its discretion. *Martino v. Commonwealth of Pennsylvania,* 116 Pa. Commonwealth Ct. 200, 541 A.2d 425 (1988). Moreover, this Court has repeatedly held that the only issues in a license suspension appeal are whether the licensee was in fact convicted and whether DOT has acted in accordance with applicable law. *Department of Transportation, Bureau of Driver Licensing v. Green,* 112 Pa. Commonwealth Ct. 413, 535 A.2d 306 (1988).

this case from *Williamson*. *See, e.g., Radice v. Department of Transportation, Bureau of Traffic Safety*, 118 Pa. Commonwealth Ct. 627, 545 A.2d 1005 (1988) where this Court upheld the trial court's refusal to permit collateral attack on licensee's prior criminal conviction resulting from payment by licensee's mother of the fine and costs imposed on a citation for driving while under suspension.

As ample evidence was presented by DOT to support McBrearty's conviction together with absence of evidence suggesting that DOT failed to act in accordance with applicable law, the trial court erred as a matter of law in sustaining McBrearty's appeal.

Accordingly, the trial court's decision is reversed.

### ORDER

AND NOW, this 1st day of February, 1989, the decision of the Court of Common Pleas of Philadelphia County is reversed.

Judge MacPhail did not participate in the decision in this case.