589 A.2d 287

**Kathleen M. TARNOPOLSKI, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 14, 1990.

Decided April 5, 1991.

Reconsideration and Reargument Denied May 15, 1991.

Donald G. Scheck, Scanlon, Lewis and Williamson, East Stroudsburg, for appellant.

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellee.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Before this Court is the appeal of Kathleen M. Tarnopolski (Tarnopolski) from the May 30, 1990 decision of the Court of Common Pleas of Monroe County which dismissed Tarnopolski's appeal from the suspension of her operating

privilege by the Department of Transportation, Bureau of Driver Licensing (DOT). The trial court's decision is affirmed.

Tarnopolski received a citation on November 23, 1989 by the district justice of Conyngham Borough, Luzerne County, charging her with a violation of Section 6308 of the Crimes Code, 18 Pa.C.S. § 6308 (underage alcohol consumption). On December 6, 1989, Tarnopolski signed and returned the citation to the district justice as required by Pa.R.Crim.P. 62 and 63 indicating her plea of not guilty. On January 4, 1990, according to Tarnopolski, her father, without Tarnopolski's consent or knowledge, paid the fine and costs imposed by the citation. As a result of that payment, on January 4, 1990 the district justice certified Tarnopolski's conviction for underage drinking to DOT.[1] On February 21, 1990, DOT ordered that Tarnopolski's operating privilege be suspended effective March 28, 1990 as a result of the certification by the district justice on January 4, 1990. That suspension was appealed to the trial court which held a hearing on May 23, 1990.

On May 30, 1990, the trial court dismissed Tarnopolski's appeal and reinstated the ninety-day suspension imposed by DOT pursuant to Section 6310.4 of the Crimes Code, 18 Pa.C.S. § 6310.4. In the interim, however, on March 20, 1990, the district justice, despite his prior certification to DOT, held a hearing on the underage drinking charge at which time Tarnopolski pled guilty to disorderly conduct and the underage drinking charge was dismissed.

█ In a license suspension case, the only issues are whether the licensee was in fact convicted and whether DOT has acted in accordance with applicable law. *Zeitlen v. Department. of Transportation,* 106 Pa.Commonwealth

---

1. Pursuant to Section 6310.4 of the Crimes Code, 18 Pa.C.S. § 6310.4, any person convicted of underage alcohol consumption shall have his or her operating privilege suspended. Under Section 6501 of the Vehicle Code, 75 Pa.C.S. § 6501, payment of the fine and costs imposed by a citation constitutes a conviction. Tarnopolski, however, was not charged under the Vehicle Code.

Ct. 170, 525 A.2d 876 (1987).[2] Tarnopolski contends that the trial court erred when it found that her father's payment of the fine and costs constituted a guilty plea and therefore a conviction for the purpose of suspending her operating privilege.

DOT asserts that based upon the certification received from the district justice and Tarnopolski's admission that her father paid the fine and costs of the underage drinking citation, it has met its burden of showing that Tarnopolski was in fact convicted of the charge. In support, DOT cites *Department of Transportation, Bureau of Driver Licensing v. McBrearty*, 123 Pa.Commonwealth Ct. 257, 553 A.2d 1036 (1989) (the motorist's mother paid the fine on a citation charging the motorist with driving while his operating privilege was suspended or revoked) and *Department of Transportation, Bureau of Traffic Safety v. Williamson*, 91 Pa.Commonwealth Ct. 84, 496 A.2d 910 (1985) (the motorist's husband paid her fine and costs on a citation that charged the motorist with driving without a license). In both cases, this Court held that payment of the fine and costs by a third person constituted a conviction.

Tarnopolski acknowledges the holdings of *McBrearty* and *Williamson*, but argues that those decisions are factually distinguishable because neither involves a person's affirmative written assertion of innocence prior to the payment of a fine (Tarnopolski entered a written non-guilty plea to the underage drinking charge). Tarnopolski further distinguishes both *McBrearty* and *Williamson* from her case by stating that both *McBrearty* and *Williamson* pertained to violations of the Vehicle Code which contains a provision

**2.** This Court's scope of review in a license suspension matter is limited to determining whether the trial court's findings of fact are supported by competent evidence, whether errors of law have been committed, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Emery*, 135 Pa.Commonwealth Ct. 274, 580 A.2d 909 (1990). Furthermore, in a license suspension matter, the burden of proof is on DOT to produce a record of the conviction which supports the suspension. *Department of Transportation, Bureau of Traffic Safety v. Stiver*, 100 Pa.Commonwealth Ct. 573, 515 A.2d 99 (1986).

stating that a guilty plea will be entered upon payment of the fine,[3] while her violation falls into the Crimes Code which has no similar provision. Tarnopolski Brief, pp. 8–9. However, a line of cases *preceding* the enactment of 75 Pa.C.S. § 6501(b) upholds a license suspension based upon conviction where payment of the fine and costs by another has already been made. *See Commonwealth v. James,* 6 Pa.Commonwealth Ct. 493, 296 A.2d 530 (1972); *Department of Transportation v. Durkin,* 22 Pa.Commonwealth Ct. 492, 349 A.2d 791 (1976); *Department of Transportation, Bureau of Traffic Safety v. Lamb,* 12 Pa.Commonwealth Ct. 508, 316 A.2d 148 (1974). As this Court stated in *James:*

> We do not say that the unauthorized payment of fine and costs by a person other than the licensee unqualifiedly constitutes a conviction of the violation charged. We simply say that this should be determined at the proper time in the proper proceeding.

*James,* 6 Pa.Commonwealth Ct. at 497, 296 A.2d at 532. Consequently, a conviction entered by a district justice, even where that conviction may be entered by the actions of a third party, must be challenged in the appropriate forum and proceeding.

■ DOT asserts that once the district justice entered a guilty disposition on the underage drinking citation upon payment of the fine and costs, he did not have the authority to later discharge that citation. In response, Tarnopolski contends that the adjudication of guilt on January 4, 1990, by payment of the fine and costs, was void because there was a valid not-guilty plea entered by Tarnopolski and, hence, the March 20, 1990 hearing at which she entered into a plea bargain was proper. However, the exclusive method for challenging a summary criminal conviction by a district justice is through an appeal of that conviction to the trial court. *Commonwealth v. Liptak,* 392 Pa.Superior Ct. 468, 573 A.2d 559 (1990); *Commonwealth v. Bassion,* 390 Pa.Superior Ct. 564, 568 A.2d 1316 (1990); Pa.R.Crim.P. 86.

**3.** 75 Pa.C.S. § 6501(b).

Tarnopolski submits that once she entered her plea of not guilty, withdrawal of that plea requires a colloquy with her as a prerequisite to withdrawal, citing *Commonwealth v. Butler*, 454 Pa. 95, 309 A.2d 720 (1973) and *Commonwealth v. Taylor*, 448 Pa. 272, 292 A.2d 340 (1972). Further, Tarnopolski asserts that a constitutionally protected right may not be presumed as waived from a silent record citing *Commonwealth v. Johnson*, 319 Pa.Superior Ct. 463, 466 A.2d 636 (1983), and any waiver must be a knowing and intelligent one of record. *Commonwealth v. Szekeresh*, 357 Pa.Superior Ct. 149, 515 A.2d 605 (1986), *appeal denied*, 515 Pa. 606, 529 A.2d 1080 (1987).

■ Tarnopolski's appropriate avenue to challenge the district justice's disposition of the citation was to file an appeal within thirty days of the conviction to the common pleas court under Pa.R.Crim.P. 86. "The appropriate method of challenging the propriety of a summary conviction, whether after hearing or by plea, is by a timely appeal to the court of common pleas pursuant to Pa.R.Crim.P. 86. ... [s]uch an appeal is the *exclusive means* of challenging a summary conviction." *Bassion*, 390 Pa.Superior Ct. at 567, 568 A.2d at 1318 (emphasis in original). Tarnopolski failed to do so. The district justice therefore lacked jurisdiction to alter the January 4, 1990 disposition after thirty days had elapsed, and hence the March 20, 1990 order by the district justice discharging the underage drinking charge was a nullity. *Liptak; Bassion;* Pa.R.Crim.P. 86. DOT has met its burden of showing that Tarnopolski was in fact convicted of the underlying Crimes Code violation.

For the above mentioned reasons, the trial court's decision is accordingly affirmed.

## ORDER

AND NOW, this 5th day of April, 1991, the order of the Court of Common Pleas of Monroe County is hereby affirmed.

PELLEGRINI, Judge, dissenting.

The majority finds that a *third party's* payment of fine and costs which constitutes a conviction of an offense requires the suspension of the charged party's operating privileges even where:

* the fines and costs were paid without the charged party's consent or knowledge

* the charged party had "of record" entered a "not guilty" plea

* the magistrate later dismissed the charge upon which PennDOT rules.

I dissent because the initial order certifying conviction is no longer valid when a subsequent certified order is introduced dismissing the charge certified as a conviction in the initial order and, more importantly, that PennDOT, as a stranger to the criminal proceeding, has no standing to challenge that certified order dismissing the charge even if the magistrate was without jurisdiction to enter it.

The facts are undisputed. Licensee received citation for underage alcohol consumption (18 Pa.C.S. § 6308). Conviction of that offense causes a licensee's driving operating privileges to be suspended by PennDOT. Despite the licensee written plea of not guilty to the charge, her father, unbeknownst to her, paid the fine and costs. The payment of fine and costs constitutes a conviction. 18 Pa.C.S. § 6501. The magistrate certified the conviction to Penn-DOT who then suspended Licensee's license. Subsequently, but prior to the hearing by the trial court on the appeal from PennDOT's suspension of licensee's license, Licensee pled guilty to a disorderly conduct charge but the Magistrate dismissed the underage drinking charge on which PennDOT's suspension was based.

In *Schaeffer v. PennDOT*, 120 Pa.Commonwealth Ct. 461, 465, 548 A.2d 714 (1988), we set forth the established principles under which PennDOT could introduce records to meet its burden in license suspension cases. We stated that:

Under principles established by this Court in license suspension cases, however, DOT may prove its case by submission of certified records necessary to justify the suspension. *See Department of Transportation, Bureau of Traffic Safety v. Mull,* 61 Pa.Commonwealth Ct. 558, 434 A.2d 871 (1981); Section 6103 of the Judicial Code, 42 Pa.C.S. § 6103. Moreover, Section 6104, 42 Pa.C.S. § 6104, provides that records authenticated pursuant to Section 6103 shall be admissible as evidence of the existence or non-existence of facts recorded *unless the circumstances indicate a lack of trustworthiness.* (Emphasis added).

*Schaeffer,* 120 Pa.Commonwealth Ct. at 464–65, 548 A.2d 714.

Because licensee introduced a certified order (Exhibit E) evidencing the dismissal of the charges against her upon which PennDOT was seeking a suspension, the original certified conviction is not admissible because no longer had any probative value because it lacked the trustworthiness for the document to stand for the proposition for which it was introduced. It cannot then be used by PennDOT to meet its burden of proof that licensee had been convicted. Because PennDOT did not prove Licensee was convicted of underage drinking, the suspension order must be vacated on this ground alone.

More fundamentally, I dissent as to the majority position that a stranger to a criminal action can somehow challenge a dismissal of a charge by a magistrate based upon the allegation that the magistrate's order was invalid. PennDOT contends, and the majority adopted the position, that the magistrate was without authority to vacate the original conviction and dismiss the charges because the only method to change the certification of conviction was by filing within thirty days a notice of appeal of the conviction to common pleas court. Pa.R.Crim.P. 86.

Ignoring the "difficulty" a party has in appealing a conviction within thirty days that he or she is unaware of and, further that the initial conviction may be void *ab initio*

because a third party cannot constitutionally change an accused plea from not guilty to guilty, PennDOT, a stranger to the action, cannot collaterally attack that order on any basis.

Orders of court, even those issued without jurisdiction are valid and must be followed unless appealed by a party to the transaction. *School District of Pittsburgh v. Pittsburgh Federation of Teachers, Local 400, American Federation of Teachers, AFL–CIO et al.,* 31 Pa.Commonwealth Ct. 461, 469, 376 A.2d 1021, 1025 (1977); *reversed on other grounds,* 486 Pa. 365, 406 A.2d 324 (1979). A third party, one that has no direct interest in the action, cannot challenge the order because it is not a party aggrieved. *Walker v. Walker,* 362 Pa.Superior Ct. 75, 78, 523 A.2d 782, 783 (1987); *Eck v. Powermatic Houdaille, Division of Houdaille Industries, Inc.,* 364 Pa.Superior Ct. 178, 187, 527 A.2d 1012, 1017 (1987). Here, neither the police officer nor the District Attorney challenged the lack of jurisdiction to dismiss the charge; the requisite thirty days have passed and it is binding on all parties to that proceeding.

The majority holds that PennDOT in a civil administrative hearing can challenge a magistrate's decision in a summary criminal proceeding on the basis that he did not have jurisdiction to dismiss the charge—something that even the parties to that action cannot now do. Whether the magistrate had jurisdiction cannot be collaterally attacked by PennDOT, a non party, but had to be challenged by the arresting officer and/or the District Attorney in a Pa.Crim. R.P. 86 appeal. PennDOT has no standing to challenge the dismissal of charges, let alone challenge it in the wrong proceeding.

Accordingly, I would reverse the decision of the trial court.